### ANDY THOMAS v. THE STATE.

#### No. 7808. Decided June 20, 1923.

**1.—Delinquent Child—Transcript—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were filed in time, the objection of a corrected caption to the transcript, showing the date of the adjournment of the trial court being thus accomplished, the State's motion to dismiss the appeal is denied.

**2.—Same—Information—Words and Phrases.**

Where the delinquency of the child was based upon the offense of burglary, the omission of the word "said" in the information before the word "house" does not vitiate said information. A room is held to be a house within the burglary statute.

**3.—Same—Reputation—Character of Defendant.**

Evidence of specific acts of misconduct is not admissible on the part of the State to rebut proof of good character of the accused nor to establish his bad character, and the sheriff's testimony as to a previous fight among some boys, one of whom he believed to be appellant, should not have been admitted.

**4.—Same—Misconduct of Jury—Defendant's Failure to Testify.**

Where, upon appeal from a conviction of burglary against a delinquent child, the record not only showed that defendant's failure to testify was injuriously referred to by the jury but new testimony not produced upon trial was discussed, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Marion. Tried below before the Honorable E. B. Lewis.

Appeal from a conviction of burglary; punishment, three years confinement in the State Industrial School.

The opinion states the case.

*J. C. Underwood,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Marion County of being a delinquent child, and his punishment fixed at three years confinement in the State Industrial School for Boys.

The State moves to dismiss this appeal because the transcript fails to show the date of the adjournment of the trial court. If the record failed to otherwise show that the statement of facts and bills of exception were filed in time, said motion would be granted, but it appears that the motion for new trial herein was overruled on January 15, 1923, and that by order then made appellant was given ninety days in which to file statement of facts and bills of exception. Same were filed March 27, 1923. They were filed in time. The object of a corrected caption showing the date of the adjournment of the trial court being thus accomplished, the State's motion is denied.

The issue in this case was delinquency vel non. The particular violation of the law set out in the State's pleading upon which it sought to predicate the delinquency of appellant, is burglary. This offense is described in the affidavit and information in substantially the same language. A room is held to be a house within the burglary statute. The omission of the word "said" in the information before the word "house," does not vitiate said information.

Testimony of sheriff Terry that he was called to stop a fight among some negro boys and took a pistol off one of the boys whom he believed to be appellant; and of witness Young that several months prior to the trial, he saw appellant with a pistol and took it away from him, was not admissible as rebutting what is denominated by the trial court the defendant's testimony of good character. Such testimony consisted only of the statement by a defense witness that appellant had driven a delivery wagon for him for several years and had been found trustworthy. Evidence of specific arts of misconduct is not admissible on the part of the State to rebut proof of good character of the accused, nor to establish his bad character. The rule goes no further than to allow a witness who deposes to good character to be cross-examined as to specific acts of misconduct which, if known to him, might affect the weight of his testimony in the opinion of the jury. Branch's Annotated P. C., Sec. 168, cites many authorities.

Misconduct of the jury was set up by motion for new trial. Juror Baugh testified on the hearing of said motion as follows:

"Some of the jurors while we were considering our discussion concerning the guilt or innocence of the defendant, discussed or mentioned the fact that the defendant did not testify for himself and that this defendant was the same boy who stole E. Davis ' small pistol some months prior to this transaction and that Mr. Terry, the sheriff, got the pistol back from the defendant."

Another juror gave the following testimony:

"That either Mr. Janes or Mr. Cromer, members of said jury during the consideration of the verdict mentioned the fact that they believed under Mr. Terry's evidence that this boy was the negro who stole the pistol some four months before this transaction, and that the derringer pistol was the one that said Terry took off of this

defendant at the time of the negro fight testified to by the witness Terry.''

The vice of testimony such as the above can not be removed by a qualification such as that affixed by the learnèd trial judge to the bill of exceptions presenting this matter, it being said in the qualification as follows:

''The juror who testified on motion for new trial stated the fact that the defendant failed to testify was mentioned by some one, they did not know who, but they did not discuss it, and the matter was dropped at that, and they did not consider it at all.'' Not only was the failure of the appellant to testify referred to injuriously by the jurors in their retirement but new testimony not coming from the mouth of any witness and hurtful to appellant, appears in the statement of Mr. Baugh above quoted.

For the error mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*