### ED. WRIGHT v. THE STATE.

No. 8398. Delivered October 22, 1924.

Rehearing denied December 17, 1924.

**1.—Burglary—Indictment—Several Counts—Submission of.**

The indictment in this cause, contained two counts, the first charged burglary, the second receiving stolen property. The verdict found appellant "guilty as charged in the indictment." Upon this verdict he was adjudged guilty of burglary. Where the charge of the court limits the jury in their finding to one count only, it is tantamount to an election by the state to rely upon that count alone.

**2.—Same—Evidence—General Reputation—Cross-Examination.**

Where a defendant puts his general reputation in issue and supports the same, by witnesses who testify that they know such reputation and know it to be good, the state is debarred from joining issue upon this question by proving specific acts of misconduct against defendant, but may ask a witness who has testified to good reputation, if he has not heard of instances of misconduct upon defendant's part which would go to affect the weight of the witness's testimony, who is undertaking to support good reputation.

**3.—Same—Argument of Counsel—Bills of Exception.**

When a bill of exception is taken to the argument of counsel, the bill ought to certify or state all of the evidence upon the point, in order that this court may pass upon the matter from the bill itself. Unless this rule is complied with, the bill will not be considered by this court.

Appeal from the District Court of Hale County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of burglary; penalty, two years in the penitentiary.

98 Tex. Crim.—3,3.

*Kirk & Griffin,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Appellant and Tim Wilhoit were jointly indicted for the burglary of a house belonging to one Motherall, on the 24th of June, 1922. Appellant alone was upon trial in the instant case, which resulted in his conviction with a penalty assessed at two years in the penitentiary.

Motherall was the owner of a store situated in Bailey County. The store was burglarized Saturday night, June 24, 1922, and a quantity of groceries and some automobile casings were taken. Upon discovery of the burglary Sunday morning the owner notified the officers, who discovered tracks of an automobile near the porch of the store. The imprint on the ground showed the casings on the front wheels to be plain and those upon the rear wheels to be "non-skid." The tracks of a shoe and a boot were discovered between the store and the car tracks. The right boot showed a run-over heel. The automobile tracks were followed about seven miles until they reached the premises of one Hopke. As we gather from the record, appellant lived some twenty-five or thirty miles from the burglarized store. At Hopke's place the officers received information which caused them to secure a warrant which authorized the search of appellant's premises. They did not reach his place until some time after dark on Sunday. As a result of the search the officers found upstairs in appellant's house a quantity of the groceries which had been stolen and the missing automobile casings; some of the recovered property was positively identified by the owner by price marks he had placed thereon in his own handwriting. Willhoit and appellant were arrested. Appellant was wearing boots, the heel upon the right one being run-over, corresponding with one of the tracks found at the store. One of the officers who followed the automobile tracks from the store to Hopke's testified that the imprint made by the non-skid casing on the right rear wheel appeared to be plainer than the other, indicating that the casing on the left rear wheel was worn more than the one on the right wheel. Another of the officers testified that the imprint made by the casing on the left wheel was plainer than that made by the right. A Ford car was found at appellant's place with casings on it which in a general way corresponded to the tracks made by the car at the store, and which were followed by the officers, that is, the two front wheels had smooth tread casings upon them and the rear wheels had non-skid casings; the casing on the right rear wheel was worn more than that on the left rear wheel. Appellant made no explanation of his possession of the stolen property at the time the officers found it, but when advised that they had a warrant to search his prem-

ises only remarked "Hop to it." Upon the trial of the case however he accounted for his possession by an alleged purchase from two strangers who came to his house with a quality of groceries and other articles in a car. He undertook to support his evidence by witnesses who testified to having seen two strangers traveling on the road with groceries in their car, and by a witness who claimed to have seen a car leave appellant's house some time on Sunday, and that he saw upon the porch of the house the articles of merchandise which were afterwards found by the officers upstairs. If the jury had accepted as true the testimony of appellant and his witnesses they would have been authorized to acquit, but in exercising the right to determine the facts they evidently discarded such evidence and resolved the issue in favor of the State. We are of opinion they were amply warranted in doing so, and we would not be authorized to disturb the verdict on their finding.

The indictment contained two counts, the first charged burglary, the second receiving stolen property. The count for burglary was alone submitted to the jury. The verdict found appellant "guilty as charged in the indictment." Upon this verdict he was adjudged guilty of burglary. The sentence conforms to the judgment. The point is made that the verdict being general it will not support the judgment for the specific offense of burglary. The cases of Miller, 16 Texas Crim. App., 417, and Huffhines, 94 Texas Crim. Rep., 292, 251 S. W. 299, cited by appellant are not in point. Both are upon the proposition that a conviction for two separate felonies cannot stand where secured upon one trial under one indictment. There is no better settled rule of law than that the charge of the court may be looked to in aid of the verdict. The authorities upon this point will be found collated upon page 332, Branch's Ann. P. C. The very point raised by appellant was decided adversely to him in Parks v. State, 29 Texas Crim. App., 597, it being therein held that where there are several counts in an indictment, and the charge of the court limits the jury in their finding to one count only, it is tantamount to an election by the State to rely upon that count alone, and a verdict in such case finding the defendant guilty as charged in the indictment will be construed to have reference to the count submitted. Copello v. State, 95 Texas Crim. Rep., 306, is in accord with such holding.

Appellant placed his general reputation in issue and supported it by the witness Dodson who testified that he knew appellant's general reputation to be good. On cross-examination counsel for the State asked Dodson if it was not a fact that he had heard of appellant selling whisky. Upon objection being interposed the district attorney withdrew the question, and counsel for appellant requested the court to direct the jury not to consider it. The court declined to do this, and remarked in his ruling that the district attorney might ask the question if he desired to do so. The bill does not so state, but it

is conceded in the brief and the statement of facts shows that witness answered the question in the negative. We perceive no error in the ruling of the court declining to instruct the jury to disregard the question propounded by the district attorney nor of the remark of the court in reference to the matter. The statement made by the judge conveyed no idea as to his opinion relative to the weight of the evidence, but simply amounted to a holding that it was a proper question the district attorney had asked. Where a defendant puts his general reputation in issue and supports the same by witnesses who testify that they know such reputation and know it to be good, the State is debarred from joining issue upon this question by proving specific acts of misconduct against defendant, but may ask a witness who has testified to good reputation if he has not heard of instances of misconduct upon defendant's part which would go to affect the weight of the witness's testimony who is undertaking to support good reputation. Much confusion had arisen with reference to this matter especially as applied to cases where suspended sentence had been requested and upon motion for rehearing in Johnson v. State, 92 Texas Crim. Rep., 582, 244 S. W. 484, we undertook to review the question at length, holding that proof of general reputation was subject to the same rules in cases where suspended sentence had been requested as where a defendant had placed his general reputation in issue. After holding that specific acts of misconduct were not properly provable upon the issue of general reputation this language was used:

"Neither do we intend to convey the idea that upon cross-examination of witnesses who may be called by him (that is, defendant) to establish his good reputation, they may not be interrogated as to their knowledge or information with reference to specific acts of misconduct of accused affecting the weight of their testimony in his behalf."

See Underhill on Criminal Evidence, Section 82. Thomas v. State, 252 S. W. 1062, is in accord with the Johnson case, it being stated in the Thomas case that the rule goes no further than to allow a witness who deposes as to good character to be cross-examined as to specific acts of misconduct which if known to him might affect the weight of his testimony in the opinion of the jury.

It appears from bill of exception number two that in his closing argument the district attorney stated that appellant was "at Farwell trafficking in liquor." Appellant objected to this remark and gave as his reason that, same was unwarranted by the evidence and requested the court to instruct the jury not to consider such argument; this the court declined to do, stating that it was a matter for the jury to pass on. It is not certified in the bill that the evidence did not warrant the conclusion of the district attorney and nothing appears showing the connection in which the statement was made, further than the bill recites that it was in connection with the district attorney's insistence that defendant was guilty. The reasons for objection can

not be taken as a certificate of the fact that the reasons in truth existed. (See Section 209, Branch's Ann. P. C.) It would be impossible for this court to know whether the objection urged to the argument had foundation without an examination of the entire statement of facts independent of the bill of exception which this court would not feel obligated to do. Where objection is made to argument upon the ground that the evidence does not warrant it, the bill ought to so certify or state all the evidence upon the point in order that this court may pass upon the matter from the bill itself. As presented the bill discloses no error.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—We have carefully examined bill of exceptions No. 2 which presents appellant's complaint of certain argument which he claims was made by the State's attorney in his closing address to the jury. We regret that we are unable to change our opinion from that had by us when we wrote in this case. The bill of exceptions is entirely devoid of any showing of the fact that the statements claimed to have been made by the State's attorney were not material and supported by testimony in the case. He who takes a bill of exceptions must put therein sufficient facts to apprise this court of the erroneous effect and nature of that of which he complains. The bill under consideration wholly fails to measure up to the requirements.

The motion for rehearing will be overruled.

*Overruled.*