# FEBRUARY, 1925.

## Jose Torres v. The State.

### No. 8964.   Delivered February 4, 1925.

1.—Transporting Intoxicating Liquor—Special Charges—Refusal of—Not Excepted to.

Where two special charges were requested and refused, neither of them bearing any notation showing that exceptions were reserved to their refusal, and no formal bill of exceptions reserving the point was preserved, the action of the court in declining to give them, cannot be considered. Following Linder v. State, ——, 250 S. W. 703 and many authorities therein collated.

2.—Same—Evidence—Improper Question—Harmless When Withdrawn.

Where, on cross-examination, an improper question is asked a witness by the state, and on objection is withdrawn, or a negative answer given, no error is presented requiring a reversal. Following Johnson v. State, 92 Tex. Cr. R. 582, 241 S. W. 484 and other cases cited.

3.—Same—Evidence—Objections by State—Overruled—No Error.

Where the state objected to the evidence of the wife of appellant, and the objection was overruled and she permitted to testify, and the district attorney commenting that such testimony should be given by the defendant, and he, the defendant afterward testifying in his own behalf, no error is presented in such proceedings.

4.—Same—Charge of Court—Will be Considered—In its Entirety.

Where an objection is made to a particular section of a paragraph of the charge, which if standing alone might be error, but viewed in connection with the entire paragraph no error is observable, the charge is not objectionable. Following Clevenger v. State, 255 S. W. 622 and other cases cited.

Appeal from the District Court of Caldwell•County. Tried below before the Hon. Geo. Calhoun, Special Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor. Punishment is one year in the penitentiary.

About December 7, 1923 at night officers observed a car driven by appellant and followed it until it came to a stop in front of a restaurant run by a woman by the name of Louisa Martinez. The woman stepped out of the car with a bundle in her arms and started towards the door of the restaurant. One of the officers stopped her and found wrapped in a woman's cloak a quart bottle of whiskey. The other officers saw appellant pick up what appeared to be a soda water bottle and start to put it in his pocket. This bottle also contained whiskey. Appellant was described by the officers as being about half drunk at the time. Upon being asked by the officers where he got the whiskey appellant at first replied, "San Antonio, San Marcos and New Braunfels," but later said he got it at San Antonio. His defense was that his wife had been suffering with a headache; that she had requested when he went to San Antonio he get some whiskey for her in order that she might make camphor from it and see if she could get some relief from her trouble. Upon the trial appellant admitted that he bought not only the small bottle of whiskey that he had in his own possession but that he bought the quart bottle which Louisa Martinez was apparently taking into her restaurant. Appellant did not live at this restaurant, but at a different place.

Two special charges were requested and refused. Neither of them bear any notation showing that exception was reserved to their refusal, nor is there any formal bill of exception reserving the point. In such condition the action of the court in declining to give them cannot be considered. (See Linder v. State, —— Texas Crim. Rep. ——, 250 S. W. 703, and the many authorities therein collated.)

Several witnesses testified to the good reputation of appellant. Two of them were asked upon cross-examination if they had not heard within the last three or four months that appellant was keeping a Mexican hotel, where some Mexican prostitutes were staying. Upon objection by appellant one of the witnesses was excused without answering, and the other answered the question in the negative.

This presents no error calling for a reversal. The matter was discussed at some length in Johnson v. State, 92 Texas Crim. Rep. 582, 241 S. W. 484; Underhill Crim. Evidence, Sec. 82; Branch's Ann. P. C. 117, Sec. 184. Thomas v. State, 95 Texas Crim. Rep. 133, 252 S. W. 1062; Wright v. State, 266 S. W. 783.

Bill number three reflects that while appellant's wife was testifying and after she had stated that her husband made a trip to San Antonio about December 7th, his attorney asked her if "shortly before that time had you been suffering from any sickness or pain?" Objection was interposed by State's counsel that he question was leading, that no testimony was before the court making such evidence admissible, and that no such issue had been made. Appellant's counsel replied that he was making it an issue then through said witness. The district attorney stated, "You cannot make it an issue throught this witness. You must claim it and show by the defendant. ——" At this point the district attorney was interrupted by appellant's attorney who said "That statement before the jury I except to, and I want the bill noted now, that this statement can only be brought in by the defendant himself as a witness." The court ruled that appellant could ask the witness whether she had been sick, and in response to such ruling she did testify that she had been suffering from headache, and requested appellant to bring her some whiskey. If it was the idea of the district attorney that the issue whether appellant was transporting the whiskey for medicinal purposes could only be raised by the appellant's own evidence, of course the district attorney was mistaken. The grounds of appellant's objection are not stated in the bill, and it is not shown thereby that appellant had not already testified as a witness when the incident occurred. The record shows that he did testify in the case, asserting that he procured and transported the whiskey for his wife. In view of the fact that the bill leaves us to speculate whether the objection was that the language of State's counsel call the jury's attention to appellant not having testified, when the record shows that he in fact was a witness, we are unable to say the proceeding presents such an error as would call for a reversal.

In the latter part of paragraph 3 of the charge the court told the jury that the burden was on appellant to show that the transportation of the liquor was for medicinal purposes. If this charge had been left standing alone we think it would have been subject to the objection directed at it, but immediately preceding it in the same paragraph the jury had been told that it was not unlawful to transport intoxicating liquor for medicinal purposes, and if they believed appellant transported the liquor for such purpose, or if they had a reasonable doubt hereof, they should acquit. Taking the entire paragraph we think it not objectionable. Clevenger v. State, 255

S. W. 622; Jones v. State, 257 S. W. 895; Johnson v. State, 266 S. W. 155; and authorities cited.

The judgment is affirmed.

*Affirmed.*