### J. O. Rosamond v. The State.

No. 9156.   Delivered May 26, 1925.

Rehearing Denied October 14, 1925.

1.—Rape—Continuance—Absence of Counsel—Properly Refused.

Where on a trial for rape a continuance was asked on account of the absence of appellant's leading counsel, who was ill at the time and died as the result of such illness, and it is shown that appellant was represented by able counsel, the continuance was properly denied.

**2.—Same—Continuance—Absent  Impeaching  Witnesses—Properly Refused.**

It is the will settled rule in this state that a continuance will not be granted to secure the presence of absent witness who would only be available to impeach a witness on the trial, and the refusal of appellant's application for a continuance for such witnesses was not error.   See Sec. 324, Branch's P. C., for many authorities sustaining this rule.

**3.—Same—Evidence—Properly Admitted.**

Where prosecutrix was asked by the state "after he (meaning the defendant) had intercourse with you did he carry you anywhere," and such question answered before being objected to, such question was not objectionable as being an effort on the part of the state to prove another act of intercourse by appellant, with the prosecutrix, and no error on that ground, is presented.

**4.—Same—Evidence—Cross-Examination—Of Prosecutrix.**

Where, on cross-examination of prosecutrix appellant inquires as to another act of intercourse between she and appellant, testified to by her on a former trial, he will not be heard to complain of her explanation or her testimony of such other act, when admitting on cross-examination that it did occur.

**5.—Same—Bill of Exception—Qualification of Court—Controls.**

Where a bill of exception, objecting to the introduction of evidence on various grounds, has been qualified by the trial court, to the effect that the defendant did not object to the testimony, the qualification controls, and no error is presented.

**6.—Same—Evidence—Recalling Witness—Held Proper Practice.**

There was no error in permitting the state to recall the prosecutrix, Thelma Rosamond, for further examination.   The trial court controls the introduction of the evidence, and either side may recall any witness who has testified for re-examination until the evidence is concluded.

**7.—Same—Evidence—Character Witness—Cross-Examination.**

Where appellant on his trial introduces witnesses who testify as to his good reputation, it is proper to permit the state on cross-examination of such witnesses to ask them if they had not heard that appellant had committed other offenses.

**8.—Same—Evidence—Cross-Examination.**

Where complaint is made of questions asked appellant's witnesses on cross-examination by the state, objections to such questions having been sustained, and no answers permitted, no error is presented.

ON REHEARING.

**9.—Same—Evidence—Properly Admitted.**

Where on a trial for rape, the state was permitted to prove acts showing familiarity and association between the parties, after the purported rape, which do not show subsequent acts of intercourse, such testimony is properly received.   Following Battles v. State, 53 Tex. Crim. Rep., 202 and other cases cited.

**9.—Same—Evidence—Cross-Examination.**

Where the state on her examination, establishes on a trial for rape, but one act of intercourse, and on cross-examination of prosecutrix, appellant

draws out other acts, which are in the nature of explanations of the testimony of witness, on a former trial, he will not be heard to complain. Frequently, as the case is developed, conditions may arise which make it permissible and proper to show other acts. See illustrative cases Crosslin v. State, 90 Tex. Crim. Rep., 467, and others cited.

10.—Same—General Reputation—Cross-Examination.

On a careful examination, on rehearing, we observe nothing in the present case which would make inapplicable the rule that when a defendant has put his general reputation in issue, that witnesses introduced by him to support it, may' not, for the purpose of throwing light upon the weight to be given their testimony, be asked if they had not heard of specific acts by appellant, inconsistent with their testimony as to his good reputation. Underhill on Crim. Ev. Secs. 81-82. Following Johnson v. State, 92 Tex. Crim. Rep., 582 and other cases cited.

Appeal from the District Court of Van Zandt county. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of rape; penalty, five years in the State penitentiary.

The opinion states the case.

*John R. Anthony, Jas. M. Shields, Sanders & West,* and *R. M. Lively,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Van Zandt for the offense of rape, and his punishment assessed at confinement in the penitentiary for a term of five years.

Prosecutrix is the niece of appellant and at the time of the alleged offense was under the age of consent. She testifies to the fact which if true are sufficient to show the appellant's guilt, and we also observe that the record shows that she is corroborated more or less cogently by other witnesses.

By appellant's first bill of exception he complains of the court's action in overruling his motion for a new trial, contending that same should have been granted because of newly discovered evidence. We have carefully examined this matter and have concluded that no error is shown.

By bill of exception No. 2, appellant complains at the court's action in refusing his application for a continuance. This application was made on account of the absence of appellant's leading counsel, and also on account of the absence of certain witnesses by whom appellant expected to prove that the reputation of prosecutrix for truth and veracity is bad. The court's explanation of this bill shows that appellant's leading counsel at the time of the trial was in a dying condition and has since the trial departed this life. The

record further discloses that capable counsel represented appellant. With reference to the question of the absent witnesses it is sufficient to say that a continuance sought to secure testimony which would be available to impeach a witness who is to testify should ordinarily be refused. See Sect. 324, Branch's P. C., for many authorities sustaining this proposition.

Complaint is made by bill number four because the county attorney asked prosecutrix this question, "after he (meaning the defendant) had intercourse with you, did he carry you anywhere?" The objection stated to this question is that it implies that the defendant had taken the prosecutrix somewhere else and committed a similar offense upon her. We do not care to carry the doctrine which prohibits proof of other offenses to any such extreme. The prosecutrix in this case is shown by the undisputed testimony to be the niece of the appellant and the mere asking of the question of whether or not the defendant had taken her anywhere does not, to our minds, imply that he had taken her somewhere for immoral purposes. Besides the court's qualification shows that the witness had answered before any objection was made to it, and when objection was made, the court sustained the objection.

Bill No. 5, complains that after the prosecutrix had testified on direct examination, the defendant asked her the following question on cross-examination: "will ask you if you did not testify on a former trial of this case that on or about August 15, 1921, Odom Rosamond came in and caught you and the defendant in the act of intercourse" and the witness answered: "Yes, sir, but that was not the time . . . It was not this time that I testified about before when I said Odom came in the house and caught us." It seems to be appellant's contention that this was a voluntary statement by the witness of other similar offenses committed by the appellant against prosecutrix. We cannot agree with him. This was a legitimate explanation of an answer which unexplained would have reflected on the witness.

By bill of exception No. 6, complaint is made because the State asked Odom Rosamond about being at work on a well near the house where this offense is alleged to have happened in the summer of 1921 and about going to the house to get some water and a rag to tie up a wounded finger, and about seeing appellant and prosecutrix in a compromising position at that time. Appellant's objection to this testimony is first, that on examination in chief the prosecutrix did not mention the act alleged to have been witnessed by Odom Rosamond; second, that in view of the whole testimony of the prosecutrix the introduction of the witness Odom Rosamond touching a different alleged act of intercourse from the one set up by the prosecutrix could serve no relevant or material purpose; third, that the said objectionable testimony of Odom Rosamond was irrelevant and

immaterial to any issue in the case. There were various other objections urged to the introduction of this testimony. The court qualifies this bill by stating that the defendant did not object to this testimony of Odom Rosamond. Under this explanation there was of course no error shown by the bill.

By bill No. 8, complaint is made because the court permitted the State after it had rested to recall the prosecuting witness Thelma Rosamond. This is usually a matter of discretion with the trial court and there is no error shown in the court's action in connection with this matter, especially in view of his qualification of this bill.

What has just been said also disposes of appellant's bills Nos. 9 and 10.

Bill No. 11, complains at the action of the court in permitting the State's counsel to ask appellant's character witnesses on cross-examination if they had not heard that prior to the indictment in this case that defendant admitted that he carried prosecutrix to Terrell and there slept with her in a hotel. This bill of exception is explained by the court as follows: "The State asked the witness if defendant took her any place and she answered, "Yes, to Terrell." The defendant objected and the Court sustained his objection, otherwise the bill is correct." We are not prepared to say that this was not a proper cross-examination of appellant's witness. The bill of exceptions does not show that defendant had not admitted that he had taken the girl to Terrell and there slept with her at a hotel. In fact the testimony was not objected to on the ground that no proper predicate had been laid for the asking of this question but his objections went merely to the fact that the time of the Terrell trip was not fixed, that it was immaterial and that it was hearsay, and that it was inflammatory, etc. We cannot do otherwise under the circumstances than hold that no error is shown by this bill.

By bill No. 12, complaint is made at the action of the court in permitting the State's counsel to ask appellant's character witnesses certain questions. The bill shows that in every instance, the court sustained the objection to the question and answer when it was made. Under this condition of the record no error is shown.

The argument of the county attorney as shown by bill No. 13, was proper under the explanation the court makes of the bill.

We have carefully considered each of appellant's asssignments in this case and have reached the conclusion that no error is shown in either of them. It occurrs to us that he enjoyed a fair and impartial trial in this case, and the evidence being sufficient, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

HAWKINS, Judge.—Appellant's motion for rehearing questions our former opinion in the disposition of the points raised by bills of exception four, five and eleven. The first bill referred to shows that the court refused to withdraw from the jury prosecutrix's statement that appellant took her to Terrell. We think appellant's contention that the statement carried an implication of another act of intercourse is not sound. At most it only showed association with prosecutrix subsequent to the act of carnal knowledge shown by the State in developing its case in chief. We are not aware of any authority which precludes the State from proving other acts if showing familiarity and association between the parties but falling short of showing another act of intercourse. Battles v. State, 53 Tex, Crim. Rep., 202, 109 S. W. 195; Henard v. State, 47 Tex. Crim. Rep. 168, 82 S. W. 655. Other authorities illustrating the rule are collated under subdivision 4, Sec. 1788, Branch's Ann. P. C. The ruling of the court in this particular must be appraised by the condition existing at the time made and cannot be carried forward and connected with the matters complained of in bill eleven which occurred long subsequent in the development of the trial.

As we understand the record the matter complained of in bill number five arose in this wise:— Prosecutrix had testified on direct examination to only one act of intercourse. On cross-examination she said when this act occurred no one was present but she and appellant, and that no one else was near at the time. She was then further asked on cross-examination if she had not testified on a former trial that her brother caught them in the act. In response to the latter question she admitted that she had so testified, but explained the apparent contradiction by stating that the time her brother caught them was not the time testified to by her on the present trial. This evidence was drawn out by the appellant, not the State. To have restricted prosecutrix merely to an admission that she had said on a former trial that her brother caught them,— (which appellant contends should have been done)—without permitting her to explain the apparent contradiction would have been manifestly unfair to the witness. It is not every reference to, or proof of, more than one act of intercourse which is denounced, the rule being that ordinarily the State should not in developing its case in the first instance make proof of but one such act. As the case develops conditions may arise which make it permissible and proper to show other acts. The present case in the particular mentioned furnishes such an instance. See Crosslin v. State, 90 Tex. Crim. Rep. 467, 235 S. W. 905; Rosamond v. State, 249 S. W. 468; Bradshaw v. State, 82 Tex. Crim. Rep. 351, 198 S. W. 942; Rosamond v. State, 97 Tex. Crim. Rep. 569, 263 S. W. 297.

Bill of exception number eleven recites that a number of named witnesses were called by appellant and testified to his good reputation as a peaceful, law-abiding citizen and gentleman in the community where he resided. The complaint is that upon cross-examination of these character witnesses the State asked if they had not heard that appellant admitted taking prosecutrix to Terrell and there sleeping with her at the hotel. The bill seems to be directed at what is supposed to have been the improper asking of the question. It does not set out the answer of any witness in reply thereto. In the charge we notice a paragraph which by name refers to certain of the same witnesses mentioned in the bill and instructs the jury that their evidence on cross-examination to the effect that they had heard that appellant admitted he had gone to Terrell and spent the night in a hotel with prosecutrix was admitted only for the purpose of aiding the jury in passing upon the credit to be given to the testimony of said witnesses and were instructed specifically that they could consider it for no other purpose whatsoever. We observe nothing in the present case which would make inapplicable the rule that when a defendant has put in issue his general reputation that witnesses introduced by him to support it may not, for the purpose of throwing light upon the weight to be given their testimony, be asked if they had not heard of particular and specific acts upon the part of appellant which would be inconsistent with the character which the witnesses were called to prove. Underhill on Crim. Evidence, Secs. 81 and 82; Johnson v. State, 92 Tex. Crim. Rep. 582, 241 S. W. 484; Wright v. State, 266 S. W., 783; Thomas v. State, 95 Tex. Crim. Rep. 133, 252 S. W. 1062. We are not prepared to say the court was in error in permitting the question complained of to be asked. In view of the fact that the court pertinently limited the effect of the testimony elicited thereby we are of he opinion bill number eleven shows no error.

The motion for rehearing is overruled.

*Overruled.*