## MANUEL FRANCO V. THE STATE.

No. 9947. Delivered March 3, 1926.

Rehearing denied October 27, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Held, Sufficient.**

Where appellant was seen, at night, with three other Mexicans, to walk down a road, and when near officers who were concealed, to leave the three others, go into the brush, and return to his companions with something in his hand, and immediately thereafter, when the sheriff threw a flash-light on the group, to throw a bottle of tequila away, these facts, undenied, were sufficient to sustain a conviction for transporting the bottle of tequila.

ON REHEARING.

**2.—Same—Sufficiency of Evidence.**

On rehearing, appellant earnestly urges that under the rule of circumstantial evidence this conviction should not be sustained. While the rule forbids a conviction based on circumstantial evidence alone, from which other conclusions, consistent with innocence, may be reached as well as the conclusion of guilt, the movements of appellant and his possession of the tequila, and throwing it away when discovered, are wholly inconsistent with any other reasonable conclusion that he transported it, and his motion for rehearing is overruled.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*J. F. Murray,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is transporting intoxicating liquor, and the punishment is two years in the penitentiary.

The chief complaint made by the appellant is to the effect that the evidence is insufficient to support the verdict. The testimony of the sheriff is to the effect that he secreted himself near a place where a Mexican dance was being held, and that he saw a bunch of Mexicans coming down the road, and they stopped near the road and stood there while the defendant came farther toward where the sheriff was hidden in the thicket, and that he heard the bushes rattling, and then the appellant turned

around and went back toward the rest of the Mexicans, and that the sheriff and his deputy followed him, and when they heard a bottle stopper pop, they threw a flash light on the crowd, and about the time the light hit on them the appellant turned around and threw away a bottle containing tequila, and then the sheriff picked up the bottle, and that it contained tequila, and that the tequila that it contained is intoxicating liquor.

The appellant offered no testimony and made no explanation of the state's evidence. Under this condition of the record appellant contends that the evidence is insufficient to show that he transported the liquor. He very earnestly contends that instead of transporting the liquor he threw it away. We are unable to accept appellant's view of the testimony. It is true that appellant threw the liquor away, but this was when he knew that he was caught with it in his possession. The testimony is amply sufficient to show that he traveled along the road with the other Mexicans, and when the sheriff accosted him and the others he was then in possession of the tequila and threw it away. We think no other conclusion can be reached from this testimony but that he had transported the liquor and was at the end of his journey with it and was preparing to consume it at the time he was interrupted by the officers.

The case was correctly submitted to the jury in the court's main charge and there being no reversible error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges the insufficiency of the evidence and requests a re-examination of the facts. This has been done. On the night of the transaction out of which this prosecution grew a dance was in progress incident to a marriage. The sheriff, Hunt, and his deputy, Weston, were concealed in a thicket about two hundred yards from the house where the dance was going on. Four Mexicans left the dance and came down the road together toward the point where the officers were concealed. When within forty or fifty yards of the thicket three of them stopped and one came on to the thicket. He was recognized by the sheriff as the appellant about the time he got to the thicket;

the deputy recognized him as he was returning to the group of Mexicans who had stopped. Appellant came to the thicket at a point near where the officers were concealed. They could hear the brush "rattling," as they expressed it. In about a minute appellant turned and started back towards the other Mexicans, and the officers quietly followed him. When appellant reached the three who had remained up the road the officers heard the noise of a cork being removed from a bottle, whereupon the sheriff threw his flash light upon the group and saw appellant hurl the bottle through the air. It was found to contain intoxicating liquor. Deputy Weston while testifying was asked the following question, "Just before you saw the bottle in the air, bottle going through the air, did you see Manuel Franco do anything just before that time, just before you saw the bottle in the air?" to which he answered, "Well, I seen him run back up to the crowd with something in his hand."

We think the only reasonable conclusion which can be reached from the circumstances related by the officers is that appellant knew the liquor was in the thicket either from placing it there himself or being informed of its presence and that he and his friends left the place of the dance to get a drink. That for some reason not disclosed (for appellant offered no evidence whatever) appellant left his friends in the road, went some forty or fifty yards, secured the liquor and returned with it the same distance to his friends, when he was apprehended. We think the theory argued by appellant as deducible from the evidence that some of the other parties may have had and produced the bottle, not a reasonable deduction considering all the facts. Our opinion, we think, does not contravene the principle which forbids a conviction based on circumstantial evidence from which other conclusions consistent with innocence may with as much certainty be reached as the conclusion of guilt.

The motion for rehearing is overruled.

*Overruled.*