PETE PRATER V. THE STATE.

No. 9530.　Delivered May ·26, 1926.

Rehearing denied State, June 23, 1926.

### 1.—Murder—Evidence—Confession of Accused—Its Probative Force— Charge of Court.

Where, on a trial for murder, the state having introduced a confession ·of the defendant, a part of which was inculpatory, and a part exculpatory, there was no error in the refusal of the trial court to charge the jury that, having introduced this confession, the state was bound by same, unless shown to be untrue.

### 2.—Same—Continued.

The defendant, having taken the stand and testified fully in his own behalf, and the court having charged the jury fully thereon, this case is taken out of the rule announced in the decisions cited by appellant, and is brought, we think, under the rule announced by this court in the case of Pickens v. State, 86 Tex. Crim. Rep. 659, and the .authorities therein cited.

### 3.—Same—Argument of Counsel—On Wife's Failure to Testify—Held Proper.

Where counsel for the state, in his argument to the jury, commented upon the failure of the wife of appellant to testify in his behalf, there is no error shown.　State's counsel may comment on the failure of the defendant to produce his wife as a ,witness, or upon any omission in her testimony, if she testifies.　See Branch's Ann. P. C., Sec. 327; Mercer v. State, 17 Tex. Crim. App. 467; Fondren v. State, 169 S. W. 416, and Gomez v. State, 170 S. W. 713.

### 4.—Same—Evidence—Harmless Error.

Where appellant had testified and admitted the firing of the shot which killed the deceased, the testimony of a witness that he heard a noise similar to the report of a pistol or gun about the time of the alleged homicide, and in response to leading questions, was harmless, if error.　Permitting leading questions will not be reversible error, in the absence of a showing of prejudice thereby.　See West v. State, 2 Tex. Crim. App. 474, and other cases cited.

### 5.—Same—Evidence—Husband and Wife—Rule Stated.

A conversation between husband and wife, made in the presence of others, does not come within the rule of privileged communication, and

there was no error in permitting the witness Adeline Daniels to testify as to a conversation between appellant and his wife at a carnival, just prior to the homicide.  Following Cole v. State, 51 Tex. Crim. Rep. 96, and other cases cited.

### 6.—Same—Character Witness—Cross-Examination—Rule Stated.

Where appellant had introduced the witness Crawford as a character witness in his behalf, it was error for the court to permit the state, on cross-examination, to prove by said witness that he had paid a fine for appellant for disturbing the peace.  On cross-examination of a character witness, specific acts of misconduct on the part of appellant, known to the witness, are not admissible.

### 7.—Same—Continued.

But while it is permissible to cross-examine witnesses who testify in chief to a person's character as to any reports or rumors that may have reached their ears, of · specific facts, and particular instances of conduct inconsistent with the character attributed, the facts and conduct themselves are not allowed to be proven, nor can the truth or falsity of the reports, charges, or rumors referred to be established.  The details of the transaction mentioned cannot be elicited.  See opinion for authorities collated.

### 8.—Same—Charge of Court—On Character of Weapon Used—Improper.

·    Where, on a trial for murder, the appellant on the witness stand admitted that he shot and killed the deceased with a pistol, it was harmful and a reversible error for the court to instruct the jury that they could take into consideration the instrument or means used, by which the homicide was committed, in judging the intent of the appellant. This record discloses that there was no controversy as to the weapon used by appellant being a pistol, a deadly weapon, and that it was used in a deadly manner.  See Fosos v. State, 271 S. W. 905, on rehearing.

ON REHEARING BY STATE.

### 9.—Same—Original Opinion Approved.

On rehearing by the state our re-examination of the record leaves us of the opinion that the proper disposition of the case was made on the original hearing, and the motion is overruled.

Appeal from the District Court of Milam County.  Tried below before the Hon. John Watson, Judge.

Appeal from a conviction of murder, penalty ten years in the penitentiary.

The opinion states the case.

*Chambers, Wallace & Gillis* of Cameron, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Milam County for murder, and his punishment assessed at ten years in the penitentiary. .

The record discloses that the appellant and the deceased, Eddie Jackson, were negroes; that the appellant's wife had separated from him and was living with her sister near the home of the deceased; that on the night of the homicide there was a carnival in Cameron, and that the deceased, appellant's wife and appellant met at the carnival; that the appellant sought to get his wife to talk to him, and that the deceased suggested or stated to her not to do so, and not to go with him. It seems from the record that the appellant left the presence of his wife and deceased, or became separated from them, and afterwards a pistol shot was heard, and the deceased was found dead upon the streets of Cameron. It was the contention of the state that the appellant murdered the deceased, and it was the contention of the appellant—and he testified to that effect—that the deceased was killed by him in self-defense. Appellant testified, in effect, that upon going down the street from the carnival, the deceased intercepted him and threatened him, and that, from the deceased's acts and conduct, he believed that his life was in danger, whereupon he shot and killed the deceased. The undisputed evidence shows that when the deceased was found, he had a pistol in the waistband of his pants.

There were no eye-witnesses to the homicide, and the state, in making its case in chief, introduced the witness, Taylor, who testified, in effect, that the appellant admitted to him that he killed the deceased, but that he did so after he was accosted by the deceased and threatened, and to the effect that it was in self-defense. The appellant prepared and presented to the court a special charge requesting that the court charge the jury that the state having introduced said admissions and confessions, the whole of same were to be taken together and the state would be bound thereby unless shown to be untrue, which charge was refused by the court. The appellant contends that the refusal of this charge was error. We are of the opinion that under the facts of this case, there was no error in the refusal of same. The contention of the appellant would be in keeping with the authorities cited by his counsel if the case had closed without any additional testimony on this issue of the killing, but the defendant having taken the stand in his own behalf and testified fully to his defense, and the court having

charged the jury fully thereon, this case is taken out of the rule announced in the decisions cited by the appellant, and is brought, we think, under the rule announced by this court in the case of Pickens v. State, 86 Tex. Crim. Rep. 659, 218 S. W. 755, and the authorities therein cited.

In bills of exceptions 1 and 6 complaint is made to the action of the court in permitting the county attorney, in his closing argument to the jury, to comment upon the failure of the appellant to introduce his wife as a witness. There is no merit in this contention. In Branch's Ann. P. C., Sec. 327, it is stated: "State's counsel may comment on the failure of the defendant to produce his wife as a witness, or upon any omissions in her testimony if she testifies," citing Mercer v. State, 17 Tex. Crim. App. 467; Fondren v. State, 169 S. W. 416; Gomez v. State, 170 S. W. 713, and many other authorities thereunder.

In bill of exception No. 3 appellant complains of the action of the court in permitting the state to ask the witness, Jackson, leading questions relative to hearing the noise similar to the report of a pistol or gun about the time of the alleged homicide. We fail to see, from the bill as presented, any harmful error in the admission of this testimony. The record discloses that the appellant admitted that he shot and killed the deceased with a pistol; therefore, the questions complained of as leading and improper on this issue could not be reversible error. Branch's Ann. P. C., Sec. 157, Par. 8, states: "Permitting a leading question improperly will not be reversible error in the absence of a showing of prejudice thereby," citing West v. State, 2 Tex. Crim. App. 474; Hill v. State, 173 S. W. 1024, and many other authorities.

In bill No. 4 appellant complains of the action of the court in permitting the state to prove by the witness, Adeline Daniels, that when the appellant came to where his wife was, at the carnival, he called her to come to him, and that she started to go to him, but then ran back and said she was afraid of him, and that the appellant again told her to come on. The objection urged to this testimony was that it was a conversation between a husband and wife, and the admission of same was, in effect, permitting the wife to testify against her husband. This bill reveals that said witness and the deceased were present also, and under the authorities, statements made between husband and wife in the presence of others do not come within the rule of privileged communications. Cole v.

State, 51 Tex. Crim. Rep. 96; Glasser v. State, 90 Tex. Crim. Rep. 124; Gilmore v. State, 91 Tex. Crim. Rep. 37.

In bill No. 5 complaint is made to the action of the court in permitting the state to prove by the witness, Crawford, on cross-examination, that he had paid a fine for appellant over some trouble which the latter had with his father-in-law and his wife. The objection urged to this testimony was that it was error for the court to permit state to impeach the reputation of the appellant, on cross-examination, by showing that he, the witness, had paid a fine for appellant for disturbing the peace, and to the effect that it was error to prove, on cross-examination, specific acts known to said witness in rebuttal of the testimony of said witness in chief that appellant's general reputation was good, as a law-abiding citizen. We think the court was in error in admitting this testimony involving specific acts and conduct of the appellant known by the witness for the purpose of attempting to rebut the testimony in chief of this witness on the general reputation of appellant for good character, and that said cross-examination should have been limited, not to specific acts and conduct known to said witness, but to what he had heard stated, if anything, about said specific acts. General reputation is confined solely to what people generally think and state about it, and it is not permitted, on an examination of the witness in chief, to show specific acts in order to show good or bad reputation, neither do we think it is permissible, on cross-examination, to show by the witness what he knows individually about specific or particular acts or conduct of the accused, because this would do violence to the principle upon which testimony on character is based and, as has been said by eminent writers, would unnecessarily extend the length of the trial, since it would require or call for testimony on the part of the accused to refute or rebut such testimony of specific acts, and would do violence to the proposition that the accused is presumed to know and be prepared to answer upon trial what the public knows generally, but is not supposed to know and be ready to answer specific acts, charges and conduct involving matters other than that which he is called to answer upon trial.

Underhill on Criminal Evidence, 3rd Edition, Sec. 141, pp. 181-182, states: "Evidence of good or bad character is restricted to general reputation and does not extend to particulars. It is error to permit a character witness to be cross-

examined as to his own knowledge of particular acts of bad conduct by accused."

In the case of State v. Roderick, rendered by the Supreme Court of Ohio, 14 L. R. A. (New Series), 740, Note vii, in discussing this subject, it is stated:

"But, while it is permissible to cross-examine witnesses who testify in chief to a person's character, as to any reports or rumors that may have reached their ears of specific facts and particular instances of conduct inconsistent with the character attributed, the facts and conduct themselves are not allowed to be proved. The truth or falsity of the reports, charges, or rumors referred to cannot be established. The details of the transactions mentioned cannot be elicited. In short, character can no more be proved by proof of particular facts and specific acts on cross-examination than it can on examination in chief," citing many authorities from the Supreme Courts of Alabama, Florida, Georgia, Iowa, Illinois, Kentucky, Massachusetts, Missouri, New Jersey, New York, Ohio and Wisconsin.

Wigmore on Evidence, Vol. 1, Sec. 197, p. 242, holds to the same effect as the authorities, supra, and states in that connection:

"Thus, the defendant's misconduct is not inquired after as a fact to show his character; but as a rumor to discredit the witness' assertion. A question, therefore, which does not expressly refer to the witness' hearing of the conduct as rumored is improper because it aims apparently at the conduct as a fact showing the defendant's character. Precisely the same principle is applicable to cross-examination of one testifying to a witness' character."

Also see Wigmore on Evidence, Vol. 2, Sec. 988, where the same proposition is fully discussed as in the section, supra.

This court, in Rosamond v. State, 101 Tex. Crim. Rep. 315, on rehearing, 276 S. W. 247, speaking through Judge Hawkins, on this issue and the question of reputation, states:

"We observe nothing in the present case which would make inapplicable the rule that when a defendant has put in issue his general reputation that witnesses introduced by him to support it may not, for the purpose of throwing light upon the weight to be given their testimony, be asked if they had not heard of particular and specific acts upon the part of appellant which would be inconsistent with the character which the witnesses were called to prove."

In Wright v. State, 98 Tex. Crim. Rep. 513, p. 516, 266 S. W. 783, this court, speaking through Judge Hawkins, stated:

"When a defendant puts his general reputation in issue and supports same by witnesses who testify that they know such reputation and know it to be good, the state is debarred from joining issue upon this question by proving specific acts of misconduct against the defendant, but may ask a witness who has testified to good reputation if he has not heard of instances of misconduct upon defendant's part which go to affect the weight of the witness' testimony * * *. Much confusion has arisen with reference to this matter, especially as applied to cases where suspended sentence had been requested and upon motion for rehearing in Johnson v. State, 91 Tex. Crim. Rep. 582, 244 S. W. 484, we undertook to review the question at length, holding that proof of general reputation was subject to the same rules in cases where suspended sentence had been requested as where a defendant had placed his general reputation in issue."

We are aware of the fact that there are cases by this court wherein it is stated, in substance, that on cross-examination of a character witness it is permissible to ask him relative to specific acts of misconduct bearing on the particular trait of character under investigation, but those cases, as we understand them, are where the court, in using said language, inadvertently does so, not with the thought or idea that the cross-examination can be extended to the knowledge of the witness of specific facts known to him, but only to such specific facts as he has heard discussed. We are also apprised of the fact that it is held in some courts outside of this state that on cross-examination it is permissible to prove by the witness specific facts of misconduct within his own knowledge, but we think the great weight of authority, and the reason therefor, is to the contrary.

The court, in paragraph 6 of his charge, charged the jury as follows:

"The instrument or means by which a homicide is committed are to be taken into consideration in judging the intent of the party offending. If the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used, such intention evidently appears."

The appellant objected in a timely manner to this charge on the ground that there was no evidence warranting such a

charge to the jury, and urges here that the court committed reversible error in instructing the jury that they could take into consideration in this case the instrument or means used by which the homicide was committed in judging the intent of the appellant.   In other words, the appellant contends that this charge was upon the weight of the evidence, and was instructing the jury to the effect that they could take into consideration the weapon used by the appellant in arriving at his intent in committing the homicide.   The record discloses that there was no controversy as to the weapon used by the appellant being a pistol, a deadly weapon, and that it was used in a deadly manner.   The record discloses that there were no eye-witnesses to the killing, except the appellant, and he testified to a state of facts which would exonerate him, if believed by the jury, and afford to him justification for the homicide, and the state's contention being—and some evidence offered in support thereof—that the homicide was committed by the appellant deliberately and on account of deceased's acts toward his wife, or on account of what deceased said to his wife when he was trying to get her to come to him, under this state of facts we are forced to the conclusion that the court committed a harmful error in giving this charge to the jury.   There is no doubt but that the charge was erroneous, and the only question that gives this court concern is the matter of determining the harmful nature of same.   After a careful examination of the entire record, we are forced to the conclusion that the charge complained of was of such a harmful nature that it requires a reversal of this case. Posos v. State, 271 S. W. 905, on rehearing.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — Our re-examination of the record in the light of the State's motion for rehearing leaves us of the opinion that the proper disposition of the case was made on the original hearing.

The motion is overruled.                    *Overruled.*