## D. L. MENDOSA V. THE STATE.

No. 10379.   Delivered December 15, 1926.

Rehearing denied January 26, 1927.

**1.—Transporting Intoxicating Liquor—No Sentence—Appeal Dismissed.**

Where a record before this court is without a sentence, the appeal must be dismissed.   A sentence is a prerequisite to an appeal, and in the absence of a sentence this court is without jurisdiction to pass upon the appeal.   See Hart v. State, 14 Tex. Crim. App. 323; Arcia v. State, 26 Tex. Crim. App. 193, and Wooldridge v. State, 61 Tex. Crim. Rep. 324.

ON REHEARING.

**2.—Same—Evidence—Properly Received.**

The record having been corrected, the cause is considered on its merits. Where, on a trial for transporting intoxicating liquor, officers testified that they took from appellant a gallon can, and that the contents of the can was alcohol, that could be drunk as a beverage, and that fact was known to the officers by their having tasted and smelled the contents of the can, this testimony was properly received.   This court does not regard it necessary in such cases, that the witness be an expert.

**3.—Same—Evidence—Res Gestae—Properly Admitted.**

Where a negro porter on a train was observed by officers to hand a package to the co-defendant of appellant, which was handed by him to the appellant, whereupon officers arrested both parties, and the negro porter walked up to them and said: "Cap, I haven't had anything to do with this, only just brought it to these boys; they have been after me so long, begging me to bring this to them.   I am not selling it," such statement was clearly res gestae, and properly admitted.

**4.—Same—Charge of Court—Law of Principals—Properly Submitted.**

Where, on a trial for transporting intoxicating liquor, the evidence disclosing that appellant was acting together with one Subia, the court properly charged on the law of principals.

**5.—Same—Charge of Court—No Error Shown.**

Where the evidence disclosed that the liquor in question was alcohol which could be used and drunk as a beverage, and there was no testimony offered that it was denatured or other than grain alcohol, there was no error in the court assuming that fact in his charge, in so far as there was any such assumption.

**6.—Same—Evidence—Of Transportation—Sufficiently Shown.**

Where the testimony, without conflict, was that the alcohol was carried by appellant ten or fifteen steps from the place where it was handed to him, and that this was apparently the beginning of a longer transportation, there was no error in the court failing to define the word "transport."

**7.— Same — Charge of Court — On Circumstantial Evidence — Properly Refused.**

Where the evidence, uncontradicted, disclosed that appellant was handed

a can containing one gallon of grain alcohol, and after starting away with it was arrested by officers, there was no error in the court failing to submit the law of circumstantial evidence.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Conviction in District Court of Howard County of transporting intoxicating liquor, punishment one year in the penitentiary.

The record is before us without any sentence. The entry of a sentence is a prerequisite to an appeal. Hart v. State, 14 Tex. Crim. App. 323; Arcia v. State, 26 Tex. Crim. App. 193; Wooldridge v. State, 61 Tex. Crim. Rep. 324. In the absence of a sentence this court is without jurisdiction to pass upon the questions raised on this appeal.

The appeal is dismissed.          *Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, Judge.—At a former day the appeal in this case was dismissed because of the absence of a sentence in the record. It is now made to appear that sentence was duly entered and the record has been corrected.

Two officers were watching two Mexicans whose actions appeared suspicious. An incoming passenger train arrived. One of the Mexicans crawled hastily under the Pullman car. At the same time the white-clad legs of another man were observed by said officers on the other side of said Pullman. This man handed to the Mexican a package. The Mexican crawled back to where his companion was waiting. The white-clad legs started around the end of the train. The Mexican who crawled under the train was Subia; his companion was the appellant. Subia handed to appellant the package which was later found to be a gallon can of alcohol. A negro porter on the train clad in white clothes came around the end of the train about this time and joined appellant and Subia. They stood and talked a while and then started away, appellant having the can of alcohol. When they had gone

ten or fifteen steps the officers stopped them. When the officers stopped the party the porter said, "Cap, I haven't had anything to do with this, only just brought it to these boys; they have been after me so long, begging me to bring this to them; I am not selling it." Upon examining the can and ascertaining that it was alcohol, the officers arrested the Mexicans and the negro porter and carried them to jail. The officers said the gallon can was practically full of alcohol which from taste and smell they said was alcohol that is drunk as a beverage. Appellant did not testify.

There are a number of bills of exception. Bills Nos. 1 and 2 show appellant's objections to the testimony of the officers that the container had in it alcohol, the objection being that they had not qualified as experts. Both bills are qualified, attention being called to the fact that both officers had sworn that the contents of the can in question was such alcohol that could be drunk as a beverage, and that fact was known to the officers by their having tasted and smelled the contents of the can. We do not regard it necessary in such case that one be an expert.

Bills Nos. 3 and 4 complain of the admission in evidence of the statement made by the negro porter to the effect that he had brought it to these men. In our opinion the statement was made res gestae of the transaction and admissible.

In our opinion the testimony showed an acting together between Subia and appellant, and we perceive no error in the court submitting the case to the jury upon the theory and law of principals.

We are not in agreement with any contention of the appellant that the testimony did not show that the contents of the can, which appellant is alleged to have transported, was shown to be beverage alcohol. The testimony of the officers showed that same was of that character.

The testimony having affirmatively shown that the liquor in said can was alcohol which could be used and drunk as a beverage, we see no error in the court assuming that fact in his charge, in so far as there was any such assumption. The record is entirely devoid of any testimony supporting any affirmative claim that the alcohol was denatured, or otherwise than grain alcohol.

The testimony being without conflict in the record that the alcohol was carried by appellant ten or fifteen steps from the place where it was handed to him, and that this was apparently the beginning of a longer transportation, we are not in accord with appellant's claim that it was error for the court not to

define the word "transport." The alcohol was also brought from the place where it was obtained by Subia, to the point where appellant was waiting for him. We have no doubt of the sufficiency of the proof on the question of transportation.

There is some complaint of the charge of the court in submitting to the jury the law making possession of more than a quart of intoxicating liquor prima facie evidence of guilt. The complaint is not of form but of the fact of giving such charge. The testimony shows without dispute that the can was a gallon can and that it was nearly full. Nor are we in agreement with the contention that the court erred in failing to submit the law of circumstantial evidence. The testimony regarding transportation was direct.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*