## TOM WILLIAMS V. THE STATE.

### No. 11200.  Delivered December 14, 1927.

### Rehearing denied January 18, 1928.

**1.—Transporting Intoxicating Liquor—Evidence—Held Sufficient.**

Where officers who were watching some secreted whiskey, saw appellant and another drive up to the place in a car, and appellant got out and went to the whiskey, picked it up and started to the car with it, when he was arrested, this evidence sufficiently established a transportation. Following Mendosa v. State, 290 S. W. 1100, and other cases cited.

**2.—Same—Evidence—Properly Admitted.**

There was no error in permitting officers to testify that the other party who came with appellant in a car to the place where the whiskey was secreted, drove rapidly away when he saw the officers arrest appellant, and refused to stop when so commanded.

**3.—Same—Argument of Counsel—Held Not Improper.**

Where the State's Attorney, in discussing the evidence, said "Why didn't the defendant call out to him to come back, we are not violating any law," this statement was properly deducible from the evidence, and was also a proper rejoinder to the argument of counsel for appellant.

**4.—Same—Argument of Counsel—Not a Reference to Failure to Testify.**

Where, in the argument of State's Attorney, he said "It is uncontradicted in this record that this was corn whiskey," under the facts here presented, the remark could not be distorted into a reference to the failure of appellant to testify.

### ON REHEARING.

**5.—Same—Argument of Counsel—How Objected To—Rule Stated.**

Appellant's objection to the argument of State's Attorney that same was improper and prejudicial is not sufficient. To be reviewed by this court on appeal, the objection must not only be specific and pointed, in order to call the attention of the court below and of this court to the very point had in mind of the objection, but a special charge must be presented asking that the jury be told not to consider the remarks of the District Attorney. See Leech v. State, 63 Tex. Crim. Rep. 339, and Wren v. State, 68 Tex. Crim. Rep. 75.

Appeal from the District Court of Erath County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Chandler & Chandler* of Stephenville, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction. for transporting intoxicating liquor, punishment one year in the penitentiary.

The statement of facts consists of the testimony of only one witness. He testified that in company with another officer he discovered a jar of whiskey covered up on the Hico road, about two miles south of Stephenville, in Erath County. Witness secreted himself and watched. Appellant and another man in a car appeared. They stopped the car not far from the whiskey. They did not cut off the motor. Appellant got out of the car, climbed over the fence, walked to the point where the whiskey was secreted, raked the leaves off and picked up the whiskey, turned around and started back to the car, and had gone about fifteen feet with the whiskey in his hand when witness told appellant to put the whiskey down and stick up his hands. The party in the car drove rapidly away. We deem these facts amply sufficient to support the conclusion reached by the jury. Mendosa v. State, 290 S. W. 1100; Franco v. State, 287 S. W. 272; Benson v. State, 287 S. W. 1097; Lambert v. State, 255 S. W. 424; Lee v. State, 255 S. W. 425; Coburn v. State, 255 S. W. 613.

Four bills of exception appear in the record. Each has been carefully examined. We deem it perfectly proper for the state witness to testify that he and the other officer went to the pasture where the whiskey in question was found; also to state that the car in which appellant came to the place where he got the whiskey, was driven rapidly away; that witness called to the driver, who did not stop, but came away in the direction of town.

There is complaint of the fact that the District Attorney said to the jury in argument, "Why didn't the defendant call out to him to come back here, we are not violating any law?" The bill is qualified by the trial court who states that appellant's counsel had argued to the jury that appellant did not try to get away, was not violating any law, and was not responsible for the party running off in the car, etc., and the State's Attorney was only replying to this argument. We perceive no error in this argument.

Appellant has a bill of exceptions complaining of the fact that the State's Attorney said to the jury: "It is uncontradicted in this record that this was corn whiskey and intoxicating," it being contended that this was a reference to the failure of the appellant to testify. We are unable to agree with the contention. There is nothing in the record contradicting the testi-

mony of the state witness to the fact that the liquor which was taken from the possession of appellant was whiskey.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a forcible motion for rehearing appellant insists that we were wrong in regard to our holding that the argument of the District Attorney complained of showed no error. The argument is quoted in said opinion.

The objection to said argument, as revealed by the bill of exceptions, was that it was a comment on the failure of the accused to testify, and was improper and prejudicial. The argument was so plainly not a reference to any failure of appellant to testify, that we did not deem it necessary to make any extended analysis thereof to demonstrate this fact. None of the authorities cited by appellant in his motion for rehearing bear upon the question of error in commenting upon the failure of the accused to testify. The argument and all the authorities in said motion are entirely in support of the proposition that the silence of the accused when under arrest shall not be taken as a circumstance against him—a proposition uniformly upheld by this court and all other authorities known to us. This proposition, however, is based on a principle of law entirely different from the one advanced in the objection made.

However, appellant insists that we give effect to the general grounds of exception shown in said bill, to-wit: That the argument was improper and prejudicial. In view of the authorities in this state it may be doubted whether such an exception could be considered, since we uniformly hold that an exception must be specific and pointed in order to call the attention of the court below and of this court to the very point had in mind by the objector. We cite Russell v. State, 96 Tex. Crim. Rep. 105; Wright v. State, 98 Tex. Crim. Rep. 513, 266 S. W. 783; Clevenger v. State, 96 Tex. Crim. Rep. 23; Bennett v. State, 95 Tex. Crim. Rep. 422; Hubbard v. State, 94 Tex. Crim. Rep. 480; Greenwood v. State, 99 Tex. Crim. Rep. 160. We further observe that no special charge was presented asking that the jury be told not to consider the remarks of the District Attorney. Leach v. State, 63 Tex. Crim. Rep. 339; Wren v. State, 68 Tex. Crim. Rep. 75. In the absence of a showing that such charge was asked and refused, this court must be satisfied that the remarks were obviously hurtful. Kennedy v. State, 19 Tex. Crim.

App. 634; Jones v. State, 33 Tex. Crim. Rep. 8; Felder v. State, 59 Tex. Crim. Rep. 144. We have no hesitation in saying that we cannot bring ourselves to believe that this record makes obvious the fact of any injury to appellant. On the facts the record shows that the officers had located a jar of whiskey hidden at a certain point. Secreting themselves, they watched. About sundown a car came up and stopped near the hidden whiskey, but the motor was not cut off. Appellant got out of the car, went directly to where the whiskey was hidden, uncovered it, picked it up, and started back to the car. He had gone about fifteen feet when the officers disclosed themselves and told him to stop. The man in the car ran away. These facts were undisputed, and made a plain case of transportation of intoxicating liquor. Mendosa v. State, 290 S. W. 1100; Benson v. State, 287 S. W. 1097; Winters v. State, 275 S. W. 1015; Lee v. State, 255 S. W. 425; Coburn v. State, 255 S. W. 613. The jury gave appellant the lowest penalty. The facts being plain and undisputed, and the jury having given the accused the lowest penalty, there seems no room for dispute. No injury could have been inflicted by the argument.

The motion for rehearing will be overruled.

*Overruled.*