ALONZO HOPPERWOOD V. THE STATE.

No. 1454.   Decided March 2, 1898.

**1. Evidence—Reputation of Defendant from Opinions Post Litem Motam.**

On a trial for theft, where two witnesses had been called by and testified to the good character of defendant for honesty, it was error to permit it to be shown, on the cross-examination of said witnesses, that, since the alleged theft for which defendant was on trial, they had heard of his having been accused of connection with a prior theft of catttle. No rule is better settled or founded on clearer principles than that which excludes all testimony touching reputation founded on opinion expressed post litem motam.

**2. Same.**

Where witnesses had never heard that defendant had been accused of any dishonest act, until after he was charged with the crime for which he is on trial, it is incompetent for them to testify as to what was said about his character after that time based upon previous acts.

**3. Judge—Examination of Witnesses by—Leading Questions.**

Occasions rarely occur where a judge is authorized to undertake the examination of a witness; and, when they do occur, he should exercise great caution in his examination; and the same rules apply to him as apply to counsel with reference to the form of the questions he propounds to the witness. Leading questions can only be asked by him in the well recognized exceptional cases.

**4. Theft—Charge—Recent Possession and Reasonable Explanation.**

On a trial for theft, a charge of the court which is tantamount to telling the jury that they could convict on recent possession alone of the alleged stolen property, if the State has shown that defendant's explanation of how he came by the possession is false, is a charge upon the weight of testimony.

**5. Same—Circumstantial Evidence.**

On a trial for theft where the taking is proved by positive testimony, a charge upon circumstantial evidence is unnecessary.

APPEAL from the District Court of Falls. Tried below before Hon. SAMUEL R. SCOTT.

Appeal from a conviction of theft of one head of cattle; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft of one head of cattle, on the 10th of January, 1897, the property of one J. C. Bartlett.

The statement of facts is quite voluminous, and it is unnecessary to state the case in detail.

Defendant's first bill of exceptions is as follows: "Be it remembered, that on the trial of the above styled and numbered cause, defendant called Alf. Childs and Walter Gardner, both of whom testified that they lived for a number of years near where the defendant lived and had known him for a long number of years, and each knew the general reputation of the defendant in the neighborhood where he had lived during said time, for honesty and fair dealing, and that such reputation in this regard was good. Whereupon the State, through its counsel, asked the witness Childs, on cross-examination, this question, 'Don't you know as a fact, that the people down where the defendant lives generally regard him having been connected with stealing before this transaction?' to which said witness answered, 'Yes, sir; there was some talk of his stealing before.' Counsel for the State: 'Did you ever hear such talk in the community in which he lived?' Here the defendant objected to the witness answering all of such questions, as the State must confine the inquiry to matters occurring prior to this prosecution and his general reputation in this respect before this time; whereupon the court asked the witness, 'When was the defendant supposed to have been connected with it—before or after this accusation?' To which the witness answered 'Before.' Defendant's counsel then asked, 'Is it not a fact that said talk did not arise until after this prosecution had been instituted?' To which the witness replied: 'After he was accused of stealing this yearling, I first heard that he was connected with other yearling stealing supposed to have occurred prior to this alleged theft.' Whereupon the defendant moved to exclude all of the evidence of this witness elicited on cross-examination, because it appears that all he had heard with reference to defendant's connection with other yearling stealing occurred subsequent to the indictment of the defendant in this case, and that the knowledge of the witness must be confined to matters occurring before the prosecution, and his knowledge of his reputation obtained ante litem motam. But the court overruled said motion and permitted said evidence to go to the jury as above recited without qualification. Be it further remembered, that on cross-examination of the witness Walter Gardner the State was permitted to prove, over defendant's objection, that he had heard, since the institution of this prosecution, that the defendant had been connected with former thefts, while he had heard of it since this came up. The talk seems to have arisen about a matter which took place before this prosecution was instituted. Defendant objected to this evidence on the ground that the State had no right to show witness'

knowledge obtained post litem motam, but that such investigation and examination should be confined to defendant's general reputation ante litem motam; but all of said objections were overruled by the court, and witness permitted to testify, and did testify as above stated, and was considered by the jury, and the defendant now here tenders this his bill of exceptions and asks that the same be signed, approved, and filed as a part of the record in this cause."

Defendant's second bill of exceptions is as follows: "Be it remembered, that upon the trial of the above styled and numbered cause, that J. C. Bartlett, a witness for the State, and the alleged owner of the animal in question, after testifying in chief for the State, and after stating, on cross-examination by counsel for defendant and re-examination for State, as to the facts concerning the possession of the animal in question as set out in the statement of the facts, whereupon the court on its own motion, and over defendant's objection, asked him the following leading questions, to wit:

" 'I want to know what was Phil Childs' duties there with reference to this stock in question, generally speaking.' To which the witness replied: 'I just regarded him as in control of them, just like I did my mules and other stock. I have so little cattle interest that it does not amount to anything. I am engaged in farming there, and go there nearly every day in the spring of the year.'

Q. " 'Do you superintend the matter of farming yourself, and the plantation?' A. 'Yes, sir.'

Q. " 'And do you have control of the stock that is on the farm?' A. 'The stock that I own, yes.'

Q. " 'I mean the stock that belongs to you; do you have control of that?' A. 'Yes, sir.'

Q. " 'But he (Childs) is on the place, and you direct him to manage it for you?' A. 'Yes; I direct him to take charge of it.'

Q. " 'His possession, then, is subordinate to your instructions to him?' A. 'Yes, sir.'

Q. " 'Something about like a servant, or something of that sort?' A. 'Yes, sir.'

"To all of which questions by the court defendant then and there objected, because the same were leading, but the court overruled said objections and required witness to answer said questions, and witness did answer them as above set forth, and the court, continuing said examination, proceeded: 'I want to know to what extent he managed, and whether his management is independent and exclusive, or whether it is subordinate to directions and superintendence?' A. 'It is subordinate to my directions, of course, but when anything is wanted about the place that I know Childs can attend to, I send the tenants to him. For instance, if a negro needs an extra mule I send him to Childs.'

Q. " 'Then he holds himself subject to your directions?' A. 'Yes, sir, in this way.'

39th Crim. Rep.—2

"To all of which questions and answers, as elicited by the court, the defendant then and there objected on the ground that the same were leading, and highly prejudicial to defendant's rights, in this, that it was on the pivotal point of the case, and suggested the answers that the court desired the witness to make; but the court overruled each and all of said objections and required said witness to answer each and all of said questions, and did, in the manner and form as above set forth, answer same, and were each respectively considered by the jury. To which action and ruling of the court the defendant then and there excepted, and now here tenders this bill of exceptions, and asks that the same be signed, approved, and ordered filed as a part of the record in this cause."

The charge of the court upon recent possession and reasonable explanation is set out in the opinion.

*Wm. Shelton* and *Rice & Bartlett*, for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of one head of cattle, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

On the trial, appellant put Alf. Childs and Walter Gardner on the stand, and proved by them the good character of the appellant, in the neighborhood where he had lived, for honesty. The State was permitted on the cross-examination of said witnesses to show that they had heard appellant accused of connection with the theft of a certain other head of cattle, said theft having occurred prior to the alleged theft of the head of cattle involved in this trial. But said witnesses stated that they had not heard this matter discussed until after the commission of the alleged theft in this case. Appellant reserved a bill of exceptions to this testimony, on the ground that the State had no right to show witness' knowledge obtained post litem motam, but said investigation and examination should be confined to defendant's general reputation ante litem motam. It was held in Forrester v. State, 38 Texas Criminal Reports, 245, that where a witness was put on the stand by one party, and made proof of general reputation, on cross-examination by the opposite party, particular acts of conduct involving the trait of character under investigation could be inquired into. But we know of no case in which it has been held that the reputation of the witness, either as to general character or on cross-examination as to particular acts occurring subsequent to the commission of the offense on trial, can be inquired into.

Where a defendant is on trial, it is his character prior to the commission of the offense that may be inquired into, and not the character he may have had after the commission of the alleged offense, or what was said about his character after that time. On this subject, Mr. Rice, in his work on Evidence (volume 3, page 610), quotes with approval what was said on this subject in Reid v. Reid, 17 New Jersey

Equity, 101, as follows: "No rule is better settled or founded on clearer principles than that which excludes all testimony touching reputation founded on opinion expressed post litem motam." It is true the act charged against the defendant in this case is said to have occurred prior to the commission of the offense for which he was on trial, but the witness had not heard that matter spoken of until after the commission of this offense; and evidently the discussion of the alleged theft in this case caused the other matter to be spoken of. So far as the record shows, these witnesses had not heard of the prior act until after the alleged commission of this offense. They did not previously know that he had ever been accused of any dishonest act. They had never heard anything mentioned of his character in this respect. Evidently, such testimony was inadmissible for any purpose.

Appellant also reserved a bill of exceptions to the conduct of the court in taking charge of the witness C. J. Bartlett, and examining him with reference to the possession of the alleged stolen animal. He complains that the action of the court was not in accord with the known rules of law, and that he propounded leading questions to the witness, which counsel would not have been permitted to do. We have examined the bill of exceptions in this respect, and it does show that leading questions were propounded by the court. We would remark in this connection that the State furnishes, for the purpose of examining witnesses and conducting prosecutions, a district or county attorney, whose province it is to examine the witnesses; and rarely should it occur that a judge should undertake the examination of a witness. Of course, there may be occasions when it would be necessary for him to interfere, and have a witness restate his testimony, or to state more clearly parts of his testimony. But such occasions can rarely occur; and, when they do occur, the judge should interfere in the examination of a witness with great caution. When the court assumes the province of interrogator of a witness, the same rules should be applied as to the form of questions to him as apply to counsel in charge of the case.

The court gave the following charge on recent possession: "You are instructed that if you believe from the evidence in this case that the property alleged to have been stolen was so stolen, and recently thereafter was found in the possession of the defendant, and that the defendant, when his possession of the same was first challenged, gave an explanation of his said possession, which appears reasonable and probably true, then, before you would be warranted in finding a verdict of guilty in this case, you must be satisfied from the evidence beyond a reasonable doubt that the other testimony in the case establishes the falsity of such explanation so made by the defendant; and, if the State has so failed to so satisfy you that such explanation was false, then you will acquit the defendant. But in this connection I further instruct you that the State is not bound to prove the falsity of defendant's explanation by direct or positive testimony, but the same may be shown to be false by any evidence sufficient to satisfy your minds that it was false." To which charge appellant ob-

jected, on the ground that the charge was not demanded by the evidence; that, as given, it was a charge upon the weight of the evidence; and that it instructed the jury that the falsity of the explanation might be shown by circumstantial evidence, and then failed to give the jury an instruction on circumstantial evidence. We think the charge on recent possession was unnecessary. The defense set up by appellant was mistaken identity as to the yearling. The evidence of the appellant tended to show that, when he took the yearling, he thought it was his own. This defense was given by the court in a proper charge, and this was enough. The charge in question, we think, is subject to the criticism that it was a charge on the weight of the testimony. It was tantamount to telling the jury that they could convict on recent possession alone of the alleged stolen property, if the State had shown that appellant's explanation of how he came by the possession was false. It was not necessary for the court to give a charge on circumstantial evidence, as the taking was proved by positive testimony.

We do not deem it necessary to discuss other assignments; but, for the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*