### J. R. WOODWARD V. THE STATE.

No. 10322.   Delivered October 6, 1926.

Rehearing granted December 22, 1926.

**1.—Driving Auto While Intoxicated—Evidence—Cross Examination of Character Witnesses—Held Proper.**

Where, on a trial for driving an automobile while intoxicated, there was no error in permitting the state on cross-examination of character witnesses introduced by the appellant to ask them if they had not heard of the defendant being drunk, and making an assault upon some women at another time and place, during the same afternoon of the day on which he was charged with driving a car while intoxicated.   See opinion on rehearing.

**2.—Same—Continued.**

"A witness to the good character of the accused may be asked upon cross-examination whether he had heard rumors of particular and specific charges or acts of accused inconsistent with the character he was called to prove, not to establish the truth of such charges, but to test his credibility and enable the jury to weigh his evidence."   Following Townsley v. State, 103 Tex. Crim. Rep. 512, and other cases cited.   Also see Underhill Crim. Ev. 3rd Ed., Sec. 82, and Branch's Ann. P. C., Sec. 184, page 117.

#### ON REHEARING.

**3.—Same—Evidence—Cross-Examination of Character Witnesses—Held Improper.**

On rehearing, appellant insists that the cross-examination of his character witnesses by the state elicited matter embracing, and establishing by hearsay, his guilt of the offense for which he was being tried.   On re-examination of the record, we are convinced that this contention is correct, and that we were in error in our original opinion in affirming the case.

**4.—Same—Cross-Examination—Of Character Witnesses—Rule Stated.**

While it is the well-recognized rule that one who testifies to the good reputation of the accused may be questioned touching his information of the past conduct of the accused incompatible with the good character, relating to the trait under which the witness vouched, this rule is subject to the exception that the inquiry touching the past conduct of the accused must be confined to happenings antecedent to the commission of the offense,

and disassociated with the offense for which appellant is being tried.   See Underhill Crim. Ev. 3rd Ed. Sec. 142.    Following Caruth v. State, 77 Tex. Crim. Rep. 150, and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippen, Judge.

The opinion states the case.

*Chaney & Dailey,* and *Hughes & Monroe* of Dallas, for appellant.  On cross-examination of character witness, appellant cites: Goss v. State, 284 S. W. 579.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense charged is driving an automobile while intoxicated and the punishment assessed is two years in the penitentiary.

There are four bills of exception contained in the record and they each go to the question of the cross-examination of appellant's character witnesses and will be discussed together.

The first bill complains because the court permitted the state to prove by the witness, Glenn, that he did not know that he had heard so much about the appellant drinking, but that he had heard something about it and that he didn't hear about the appellant making an assault upon two women who were in the car with him, pulling off their clothes and throwing their hats away, but that he did hear something about his having two women up there and that he was drunk and fighting and made an assault on both of them.

Bill No. 2 complains at the court's action in permitting the district attorney to prove by Murphy, one of the appellant's character witnesses, that he had heard that the appellant was out in a Ford car and was drinking and had an accident on the road between where witness lived and the city of Dallas.

Bill No. 3 complains at the court's action in permitting the district attorney to prove by appellant's character witness that he heard about the appellant making an assault on two women in a car on June 7.

Bill No. 4 complains at the court's action in refusing to give appellant's special charge withdrawing the foregoing testimony from the consideration of the jury.

Bill of exception No. 2 is qualified with the statement that said questions were permitted to test the knowledge of the

witness in regard to the general reputation of the defendant as a good law-abiding citizen and that the district attorney asked the witness if he had heard of the defendant being drunk and making an assault upon some woman at another time and place during the same afternoon of the day on which he was charged with driving a car while intoxicated.

A similar explanation is made by the court of bill No. 1 and of bill No. 3.

We think no error is shown in regard to this matter:

"A witness to the good character of accused may be asked upon cross-examination whether he had heard rumors of particular and specific charges or acts of accused inconsistent with the character he was called to prove, not to establish the truth of such charges, but to test his credibility and enable the jury to weigh his evidence."

Townsley v. State, 103 Tex. Crim. Rep. 512; Underhill's Criminal Evidence, 3rd Ed. Sec. 82; Johnson v. State, 92 Tex. Crim. Rep. 582, 241 S. W. 484; Rose v. State, 92 Tex. Crim. Rep. 560, 244 S. W. 1009; Williamson v. State, 74 Tex. Crim. Rep. 289, 167 S. W. 360; Blue v. State, 106 S. W. 1157. Many other authorities sustaining this rule will be found listed under Sec. 184, p. 117, Branch's Ann. Tex. P. C.

Appellant in his brief recognizes the rule above stated but makes the further proposition that this rule has never been extended to warrant testimony of acts of the accused on cross-examination in such close juxtaposition to the offense being tried as to be virtually a part of such offense. We think a careful analysis of the record in this case, including the court's qualifications of the bills, is entirely sufficient to show that the questions asked and the answers made by the witnesses do not trench upon the rule last stated. In fact, the court in his qualification of one of the bills specifically states that the matter inquired about took place at another time and place from that at which the offense was alleged to have been committed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—While driving an automobile upon the public highway, the appellant's car came into a collision with a truck, resulting the death of two persons.

The state introduced testimony to the effect that immediately after the collision, the appellant appeared to be intoxicated. This he controverted by the testimony of witnesses and also by the introduction of testimony tending to show that the collision resulted from a defect in his eyesight.

A witness testified that about half an hour before the collision took place, the appellant was seen by the witness upon the public road conducting himself in such a manner as to lead the witness to conclude that the appellant was intoxicated. The witness describing the conduct said that the appellant was driving his car upon the wrong side of the road; that he had his arm around the neck of a woman who was riding with him; that the witness warned the appellant that his conduct was such as to endanger the lives of others upon the road and that the appellant took offense and threatened to whip the witness.

The motion for rehearing is based upon the alleged error of the court in receiving the testimony of appellant's character witness upon cross-examination. The witness said:

"I heard something about him having two women up there, and he was drunk and fighting and made an assault on both of them and they calling for Mr. Starnes to come there and get after him."

The offense charged being that the appellant, while drunk, was upon a certain day, driving an automobile, it was competent to introduce testimony of witnesses who had observed the conduct of the appellant, and original testimony of any fact which would tend to establish proof by direct or by circumstantial evidence that the appellant was intoxicated while driving his automobile upon the public road. The evidence of which complaint is made, however, does not come from those who saw the appellant but comes from one who claims to have heard others state that the appellant was drunk upon the occasion in question and that he assaulted the women who were with him. The effect of this testimony was to prove by hearsay that the appellant was intoxicated and that he acted the part. This evidence was received by the learned trial judge upon the theory that it was within the rule permitting one who has testified to the good reputation of the accused to be questioned touching his information of the past conduct of the accused incompatible with the good character relating to the trait under inquiry for which the witness vouched. See Forrester v. State, 28 Tex. Crim. Rep. 245.

The rule stated is subject to an exception, namely, that the inquiry touching the past conduct of the accused of which the

witness has heard must be confined to happenings antecedent to the commission of the offense for which he is on trial. See Underhill on Crim. Ev., 3rd Ed., Sec. 142, and cases cited in the text under notes 90 and 92; also Caruth v. State, 77 Tex. Crim. Rep. 150; Hopperwood v. State, 44 S. W. 841; Fossett v. State, 55 S. W. 497.

In the present case, there is no direct testimony that the appellant had made an assault upon any woman. The witness who was cross-examined did not claim to have seen the appellant drunk on the occasion in question nor to have seen him make any assault. The witness purported merely to relate things that he had heard concerning the conduct of the appellant upon the day upon which the offense was charged to have taken place. The receipt of his testimony is not only improper for the reasons above stated, but for the additional reason that its effect is by hearsay to establish the very condition upon which the prosecution is based, namely, that the appellant, while driving an automobile upon the public road, was drunk. See Goss v. State, 284 S. W. 578.

For the reasons stated, we have, on reconsideration, concluded that we were in error in affirming the judgment. The motion for rehearing is therefore granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*