OSCAR KIMBRELL v. THE STATE.

No. 13289.  Delivered April 23, 1930.
Reported in 27 S. W. (2d) 213.

The opinion states the case.

*J. K. Brim* of Sulphur Springs, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers searched appellant's residence and smokehouse and found therein a still, some mash and whiskey. Upon the trial, appellant testified that he had been manufacturing whiskey for several months for medicinal use by his wife and himself. Appellant's affirmative defense was submitted to the jury.

Several witnesses testified that appellant's general reputation as being peaceable and law-abiding was good. These witnesses were asked upon cross-examination if they had heard that appellant had been selling whiskey to certain people. Most of the witnesses answered in the negative. One of the witnesses answered in the affirmative. In each case it appears that the inquiry was confined to happenings antecedent to the commission of the offense for which appellant was on trial. It is appellant's contention that the bills of exception show that such occurrences were subsequent to the commission of the offense for which he was on trial. We do not so interpret the bills of exception.

It is the rule that a witness to the good character of the accused may be asked, upon cross-examination, whether he had heard rumors of particular charges or acts of the accused inconsistent with the character the witness is called to prove, not to establish the truth of such charges, but to test the credibility of the witness and enable the jury to weigh his evidence. Townsley v. State, 103 Tex. Cr. R. 508, 281 S. W. 1054. An exception to the rule stated is that the inquiry touching the past conduct of the accused, of which the witness has heard, must be confined to happenings antecedent to the commission of the offense for which the accused is on trial. Woodward v. State, 105 Tex. Cr. R. 556, 289 S. W. 407; Hopperwood v. State, 39 Tex. Cr. R. 15, 44 S. W. 841; Kitchens v. State, 10 S. W. (2d) 999.

Bill of exception No. 13 deals with objections to an extended argument made by the county attorney, the objection being that there was no evidence in the record in support of the argument. There is nothing in the bill of exception to show that the argument was not supported by the record. A mere ground of objection in a bill of exception is not a certificate on the part of the trial court that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 298 S. W. 569. It may be added that it appears that a part of the extended argument was unquestionably proper. Appellant's objection seems to have been interposed to the entire argument. It was incumbent upon appellant to single out the objectionable remarks

and interpose proper objection to such remarks. An exception presenting merely an objection to an extended argument, a part of which is proper, is not entitled to consideration. McKenzie v. State, 11 S. W. (2d) 172.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.