CECIL ADAIRE v. THE STATE.

No. 14579. Delivered January 27, 1932.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty years.

Appellant shot and killed Rol Butler. Appellant and deceased were neighbors. A dispute arose between appellant and deceased over the use by deceased of a pasture and sweet potato patch. The day before the homicide deceased had ploughed up some ground in which appellant had sweet potatoes planted. On the day of the homicide appellant went to the sheriff's office and surrendered, saying that he had shot deceased. When the officers went to the home of deceased they found his body in his barn lot. A charge from a shotgun had entered the deceased's side and back. Other than appellant and deceased, no persons were present at the scene of the homicide.

Appellant admitted on the witness stand that he killed deceased, but declared that at the time he fired the fatal shot deceased was in the act of drawing a pistol, and was making a demonstration as if to attack him. Appellant offered in evidence threats communicated to him on the part of deceased to do him injury.

Appellant placed in issue his general reputation for being peaceable and law-abiding. Jim Griffith, a witness for appellant, testified that appellant's general reputation in the respect mentioned was good. Upon cross-examination of the witness the district attorney propounded to him a question as follows: "I will ask you if Adaire (appellant) did not send a threat to you that he was going to kill you?" Appellant objected to this question and the court sustained the objection. The district attorney then asked the witness: "You know about the trouble in which Mr. Adaire was preparing to go down there and clean up on that school teacher, do you not?" The court also sustained appellant's objection to this question. Another question propounded to the same witness: "I will ask you then, Mr. Griffith, you was present at the time Adaire had trouble with Kirk Williams?" Appellant's objection to the question was sustained. The district attorney then asked the witness: "I will ask you if you was not present and heard defendant curse and abuse Kirk Williams over a crop or something very severely?" Again, appellant interposed objection to the question, and the court sustained the objection. While appellant was being cross-examined by the district attorney he was asked: "I will ask you if you didn't have a conversation with Joe Roberts back prior to this killing in which you told Joe Roberts that you was going to whip Jim Griffith, beat him up, for interfering with you and Kirk Williams' affairs?" The court sustained appellant's objection to this question. Again, appellant was asked by the district attorney: "I will ask you if it is not a fact you had trouble with Kirk Williams in

which you cursed him and abused him?" To this question the court also sustained appellant's objection. All of the foregoing questions are set out in bill of exception No. 6. Following this bill, we consider the matter presented by bill of exception No. 7, in which it is shown that the district attorney propounded to appellant, on cross-examination, a question as follows: "Is it not a fact last Thursday, the first day of this court, that you made a gun play on the deceased's brother sitting right here on the public square of Bonham?" Appellant objected to the question. The court sustained the objection, and instructed the jury to disregard the question for any purpose.

It is appellant's contention that the questions set forth in the two bills of exception above mentioned carry the implication that appellant was guilty of the conduct inquired about, and that the questions themselves were calculated to impress the jury with the view that appellant had been guilty of specific acts of misconduct and violence in transactions not connected with the charge for which he was on trial. Moreover, appellant contends that the imputation in the questions that he was guilty of the acts of misconduct inquired about rendered the questions of such a nature as to be obviously hurtful and prejudicial, and that, therefore, the action of the court, in instructing the jury to disregard the questions, did not cure the error. Again, it is urged that the record discloses that the district attorney persisted in asking the improper questions after the court had ruled that it was not proper to inquire into specific acts of misconduct on the part of appellant in rebutting the testimony of his witnesses to the effect that his general reputation for being peaceabl and law-abiding was good. The opinion is expressed that appellant's contentions should be sustained. It is apparent from the record that the district attorney persisted in asking improper questions notwithstanding the court had sustained appellant's objection to an inquiry substantially the same as that embraced in the questions set forth in the bills of exception. The fact that appellant placed in issue his general reputation for being peaceable and law-abiding did not authorize the state to prove particular acts or particular conduct on the part of appellant. Branch's Annotated Penal Code, sec. 148; Prater v. State, 104 Texas Crim. Rep., 669, 284 S. W., 965. Again, it is not permissible, on cross-examination of a witness to the good character of the accused, to show by the witness what he knows individually about specific or particular acts of misconduct on the part of the accused. While it is permissible to cross-examine witnesses who testify in chief to a person's general reputation, as to any reports or rumors that may have reached their ears of specific acts and particular instances of conduct inconsistent with the reputation attributed, it is not permissible to inquire about specific acts of misconduct known to the witness. The truth or falsity of the reports, charges or rumors referred to cannot be established. Stated in another way, it is the rule that a witness to the good

character of the accused may be asked, upon cross-examination, whether he had heard rumors of particular charges or acts of the accused inconsistent with the character the witness is called to prove, not to establish the truth of such charges, but to test the sincerity of the witness and enable he jury to weigh his evidence. Kimbrell v. State, 115 Texas Crim. Rep., 593, 27 S. W. (2d) 213; Townsley v. State, 103 Texas Crim. Rep., 508, 281 S. W., 1054.

An exception to the rule stated is that the inquiry touching the past conduct of the accused, of which the witness has heard, must be confined to happenings antecedent to the commission of the offense for which the accused is on trial. Kimbrell v. State, supra, and authorities cited. The questions set forth in the bills of exception were obviously improper. We quote from Prater v. State, supra, as follows: "General reputation is confined solely to what people generally think and state about it, and it is not permitted, on an examination of the witness in chief, to show specific acts, in order to show good or bad reputation; neither do we think it is permissible, on cross-examination, to show by the witness what he knows individually about specific or particular acts or conduct of the accused, because this would do violence to the principle upon which testimony on character is based, and, as has been said by eminent writers, would unnecessarily extend the length of the trial, since it would require or call for testimony on the part of the accused to refute or rebut such testimony of specific acts, and would do violence to the proposition that the accused is presumed to know and be prepared to answer upon trial what the public knows generally, but is not supposed to know, and be ready to answer specific acts, charges, and conduct involving matters other than that which he is called to answer upon trial."

The question touching appellant's assault upon the brother of deceased long after the homicide and during the trial of the instant case was clearly improper, and, in our opinion, obviously prejudicial. It violated all of the rules to which reference has been made. It was calculated to impress the jury with the view that appellant was a violent and dangerous man. The imputation that the question carried tended to weaken appellant's claim that he acted in self-defense. The opinion is expressed that the questions, when considered together, were of such a nature as to obviously impair appellant's rights. See Day v. State, 117 Texas Crim. Rep., 173, 34 S. W. (2d) 871; Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029.

Appellant interposed several exceptions to the charge of the court on self-defense. No doubt the charge will be corrected in the event of another trial. We pretermit further discussion of the exceptions.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.