W. T. CARDWELL, JR., v. THE STATE.

No. 16689.   Delivered May 9, 1934.
Rehearing Denied June 6, 1934.

The opinion states the case.

*Storey, Storey & Donaghey,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

MORROW, PRESIDING JUDGE.—Theft is the offense; penalty assessed at confinement in the penitentiary for two years.

Appellant entered a plea of guilty. The injured party and other witnesses gave evidence of the commission of the offense by the appellant.

Appellant introduced several witnesses who gave testimony to the effect that his reputation as a peaceable law-abiding citizen was good. On cross-examination the State propounded questions to the character witnesses mentioned and asked them if they knew that the appellant had been convicted in certain cases which were named and described in the questions. These witnesses declared that they did not have any knowledge of the transactions mentioned; that is to say, that they did not know the appellant had been convicted in the instances of which the State inquired.

If understood, the position taken by appellant's counsel is that the State had no right to cross-examine the witnesses in the particulars to which the examination referred. In support of their claim counsel rely upon the opinion of this court in the case of Matthews v. State, 5 S. W. (2d) 994, in which reference is made to Overby v. State, 92 Texas Crim. Rep., 172, and other authorities. The practice criticised and the principles announced in the cases mentioned are that when a character witness is introduced by the accused in support of his reputation on the issue of a suspended sentence, the witness could not be used by the State to prove that appellant had committed specific discrediting acts other than those for which he was on trial. In the Matthews case, supra, on motion for rehearing, are cited numerous cases which are dealth with in accord with the announcement of this court in the cases cited by the appellant. In the particular mentioned we quote from the Matthews case, supra, as follows:

"We have often said that, on cross-examination of witnesses to general reputation, they may be asked as to their having heard of specific acts of misconduct on the part of the accused at variance with the character ascribed to him by such witnesses; the purpose of such questions being to thus weaken the force of the testimony of such witnesses."

It follows from the above that in the opinion of this court there was no violence done to the legal principles in cross-examining the character witnesses introduced by the appellant. When he took the stand, however, a different principle applied.

The mother of the appellant was called as a witness in his behalf. Her testimony, in the main, was an appeal for clemency. She expressed the view that he would correct his irregular habits. On her direct examination she said:

"The District Attorney has read out several things that 'Sonnie' has been charged with, and I have certainly made an effort to get him to quit that kind of business."

Appellant thereafter became a witness and testified that he took part in the theft of the violin and gave evidence of some extenuating circumstances. He volunteered the statement that he was drunk on the night that he stole the violin. He also brought out in his direct testimony the fact that he had been charged with stealing gasoline and that under the circumstances described by him he plead guilty. He also plead guilty to the theft of a faucet. He explained this with some extenuating circumstances that his companions, and not he, were the real violators of the law. In his recital of the facts in his own

behalf, he referred to the prosecution charging him with an aggravated assault upon a woman. After giving the testimony mentioned, he was cross-examined by State's counsel and stated that he had plead guilty in the Justice Court to several offenses, they being those which had been adverted to in the cross-examination of the appellant's witnesses on the issue of his general reputation.

Having become a witness in his own behalf and given testimony tending to show that he was only technically guilty of the offense for which he was on trial, the instances to which reference had been made in the cross-examination of the appellant's character witnesses in some of which he had been convicted and in some of which he had plead guilty, he was a victim of circumstances beyond his control; that while he had suffered convictions in several instances for offenses and entered a plea of guilty, his conviction was due to the acts of his associates rather than his own. The State was privileged to cross-examine him touching the matters to which he had adverted, and the suggestion of counsel for appellant that the rulings of this court to which reference has been made are adverse to such right is not regarded as tenable. This procedure was available to the State under the decisions interpretating article 710, C. C. P., 1925. See illustrations in Vernon's Ann. Tex., C. C. P., 1925, vol. 3, Supplement of 1933, p. 104. The appellant's action in testifying under the circumstances made proper the cross-examination. It bore on the issue of his credibility.

The criticisms of the rulings of the trial court are embraced in two bills of exception which are as follows:

Bill of Exception No. 1 is based upon the argument of the State's attorney, which is as follows:

"Comes now the defendant, and moves the court to instruct the jury to disregard and not consider the closing argument of the district attorney in this case wherein he told the jury, 'that the defendant had been convicted in the County Court of aggravated assault upon a woman.'"

In qualifying the bill the court made the following statement:

"Examined, approved and signed by me and ordered to be filed as a part of the record in this cause, this 25th day of January, A. D., 1934, with the following qualification, to-wit: Upon the statement being made by the district attorney, he said: 'I didn't say he had been convicted; I said he had been

charged.' A controversy arose between counsel as to what the remark was and the district attorney immediately stated to the jury: 'Gentlemen of the Jury, if I said the defendant had been *convicted* of an aggravated assault, I didn't intend it. What I meant and intended to say was that he had been *charged* with the aggravated assault on a woman.' "

"In addition to the correction made by the district attorney, the court immediately instructed the jury not to consider it for any purpose, the statement made by the district attorney, if he made it, that the defendant had been *convicted* of an aggravated assault."

Bill No. 2 makes complaint that the district attorney asked appellant while testifying as a witness, "if he had not been charged with disturbing the peace in Cause No. 185 in the Justice Court, and further asked him if he had not been charged and plead guilty in Cause No. 44 in the Justice Court to a charge of stealing gasoline." The court overruled the objection and the appellant was required to answer. He answered in the affirmative. In overruling the objection, in view of the nature of the case, appellant seeking a suspension of his sentence, any impropriety in the reception of the evidence is not perceived.

From our examination of the record and the authorities, we are constrained to conclude that neither of the bills of exception discloses error. It follows, therefore, that it is the duty of this court to affirm the judgment, which is accordingly ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The only matter to which we care to refer is the complaint of appellant found in bill of exception number two, that on cross-examination of him as a witness counsel for the State asked if he had not been charged in the justice court with disturbing the peace, and also plead guilty in said court to stealing gasoline. Over objection he answered in the affirmative. As we undertook to point out in our original opinion reference to other offenses came into the record in the following manner. Appellant had filed an application for suspended sentence. On cross-examination of appellant's character witnesses who had given him a good reputation, they were asked if they had heard of a number of charges against appellant in the courts, two of them being the ones referred to in bill of exception number two. The cross-examination last mentioned

was permissible, not for the purpose of establishing the truth of such charges or of using specific acts of misconduct to defeat appellant's plea for suspended sentence but, for the purpose of affecting the weight of the evidence given by the character witnesses. Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W., 484; Bowman v. State, 98 Texas Crim. Rep., 349, 265 S. W., 1038; Skelton v. State, 106 Texas Crim. Rep., 90, 291 S. W., 238; Wright v. State, 98 Texas Crim. Rep., 513, 266 S. W., 783. When appellant took the witness stand he on direct examination went into the charges and offenses which the character witnesses had been asked if they had heard of, and undertook to excuse himself and minimize such charges and offenses and lay the blame therefor on others. Under the circumstances the court committed no error in permitting the State to cross-examine him regarding such matters. Nothing in our original opinion was intended to change the rules of evidence regarding proof of other offenses to impeach a defendant, or other witness, nor to authorize proof of specific offenses or acts of misconduct to affect an accused's efforts to secure a suspended sentence.

The motion for rehearing is overruled.

*Overruled.*