R. M. STOUT V. THE STATE.

No. 17561.   Delivered May 8, 1935.

The opinion states the case.

*Earl Kuntz,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the State penitentiary for a term of five years.

The record shows that Fain-McGaha were engaged in drilling a well in Wilbarger County on land leased by them from Mr. Waggoner.  They constructed a house on the leased premises where they kept the tools and well machinery.  Mr. Ralph Decker was the superintendent and had the care, control and custody of the house and all the property in it.  About 2 A.M. on June 20, 1934, the workmen at the well observed a car drive up near the tool house and stop.  In a very short time they heard a noise in the tool house and then the car left hurriedly.  An investigation of the house disclosed that it had been broken open and an engine head had been removed from an engine.  The police at Electra were notified of the burglary and immediately began a search for the burglars.  On a road leading towards Burkburnett they observed a large Buick car corresponding to the description of the car which had stopped near the tool house.  The police pursued this car, which increased its speed, and after a chase of about one or one and one-half miles the occupants of the car threw the engine head

out and it fell in the borrow pit beside the highway. The policemen overtook the car and arrested the appellant, C. C. Wilson and J. T. Stout. The engine head was later picked up at the point where the appellant and his companions had thrown it out of the car. The appellant did not testify.

The appellant's first contention is that the court erred in not instructing the jury to return a verdict of not guilty because there is a variance between the proof and the allegations in the indictment, in this, that the indictment charged that "C. C. Wilson, J. T. Stout, and R. M. Stout did unlawfully by force and at nighttime enter a house occupied and controlled by Ralph Decker, without his consent, etc.," and that the proof showed that the house was occupied and controlled by C. H. McHugh. We can not agree with the appellant. The testimony shows that Ralph Decker was the superintendent of the Fain-McGaha properties in Wilbarger County, Texas; that the tool house was in his care, custody and under his control and that neither C. C. Wilson, J. T. Stout, or R. M. Stout had his permission to enter the same. The other employees were working under his direction and were under his control. We think that this testimony clearly meets the allegations in the indictment, and therefore overrule the appellant's contention.

By bills of exception 2, 3, 4, 5, and 6 appellant complains of the action of the trial court in permitting the State to introduce testimony showing appellant's reputation as a peaceable law-abiding citizen was bad. The record shows that appellant first put his reputation in issue and then the State on cross-examination of appellant's witnesses inquired of them if they had not heard of particular instances of violations of the law by the appellant, and the State also proved by the officers of Wichita Falls that appellant's reputation as a law-abiding citizen was bad. This court has many times held that when a man puts his reputation in issue, it is permissible for the State on cross-examination of said character witnesses to inquire of the witnesses if they had heard of specific instances of a violation of the law by the appellant in order to test the accuracy of their knowledge of the matter about which they are called to testify, and in support of the views herein expressed we refer to the cases of Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W., 360; Adaire v. State, 119 Texas Crim. Rep., 381, 45 S. W. (2d) 984; Caldwell v. State, 71 S. W. (2d) 880.

Having reached the conclusion that no reversible error is

shown, the judgment of the trial court is in all things affirmed.

*Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.