## FRANK GALE v. THE STATE.

No. 18550. Delivered November 12, 1936.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of failing to stop and render aid to a person whom he had struck and injured with an automobile, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment contains three counts. The first count charged appellant with having murdered W. C. Nichols by striking him with an automobile. The second count charged him with operating an automobile upon a public highway while intoxicated and while in the performance of said act he struck W. C. Nichols, but failed to stop and render aid. The third count charged him with failing to stop and render the necessary aid of carrying the injured party to a physician or surgeon. The case was submitted to the jury on the third count alone. The testimony in the record before us shows that Nichols, the injured party, was found near the edge of the pavement on one of the principal streets of the town of Borger. At the time he was discovered he was in a dying condition and expired before he could be taken to a hospital. The facts and circumstances proven on the trial show that he, the injured party, had been struck by an automobile. Two of the parties who on the night of the unfortunate occurrence were riding in the automobile with appellant testified that appellant was driving the car; that when they reached a point on the street in the town of Borger, where the injured party was subsequently found, they struck something which broke the windshield and the light on the right-hand side of the car. An examination of appellant's car revealed blood and hair on the upright bar which supported the top and the windshield. There was also testimony to the effect that appellant and his companions, prior to the collision, had consumed several bottles of beer and some whisky. We think that the testimony is sufficient to warrant the jury's conclusion of guilt. Appellant did not testify, but he filed a plea for a suspension of sentence in case of conviction

and introduced proof in support thereof. A number of witnesses testified to his good general reputation as a peaceable and law abiding citizen.

There are but three bills of exception in the record. Bills numbers one and two relate to the same matter and will be considered together. It appears from the bills that the witness Estes, who had testified to the good general reputation of appellant as a law abiding citizen, was asked by the district attorney the following questions: "You knew about the incident where he (defendant) ran over a man down there in front of the Marland Hotel and injured him about a year ago, didn't you?" "You heard of that, too, hadn't you?" To which questions appellant objected as being highly prejudicial to the rights of the defendant in that it was not shown that he had been legally charged with the matter concerning which the inquiry related; that it was an assumption on the part of the district attorney that the defendant had run over a man in front of the Marland Hotel and conveyed that idea to the jury. The court sustained the objection and instructed the jury not to consider the same. We are of the opinion that although the court sustained the objection and instructed the jury not to consider the questions that the same were so highly prejudicial to appellant that the court could not effectively withdraw it from the minds of the jury. It is true that the appellant placed in issue his general reputation as a law abiding citizen, but this did not authorize the State to prove particular acts of misconduct on the part of the appellant or that the witness knew of specific acts of misconduct on the part of the accused. The questions as set forth in the bill of exceptions hereinabove mentioned carried the implication that the appellant was guilty of the conduct inquired about. In support of the views herein expressed we refer to the following authorities: Edwards v. State, 77 S. W. (2d) 241; Adair v. State, 45 S. W. (2d) 984.

Bill of exception number three reflects the following occurrence. While Dr. Handsen was testifying on behalf of the State, counsel for the defendant on cross-examination propounded to him the following question: "I will get you to state whether or not you know the defendant's general reputation in this community for honesty and fair dealing. You may answer that yes or no." The district attorney objected on the ground that it was not an issue in the case. The court sustained the objection and defendant excepted. Appellant's honesty was not questioned, hence that trait of character was not an issue in the case, and, therefore, the court did not err in

overruling the same. See Johnson v. State, 78 S. W. (2d) 965.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.