LYNDELL MCCLURE v. THE STATE.

No. 20136.   Delivered February 15, 1939.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to rape; punishment, confinement in the penitentiary for two years.

Appellant pleaded not guilty and filed an application for a suspended sentence, which was submitted to the jury.

Appellant placed in issue his general reputation as a peaceable and law-abiding citizen. Upon the cross-examination of his character witness W. W. Boston, the district attorney, propounded the following question: "Did you know that this boy had been trying to have intercourse with any other girls besides his wife? Did you know about that?" It is certified in the bill of exception as follows: "There was never, as this record reflects, any evidence adduced from the state's witnesses or the defendant's witnesses of any such state of facts; and that said question particularly connected with a rape case was so highly prejudicial and incompetent and vicious in its nature as to impress indelibly upon the minds of the jurors that appellant had been trying to have intercourse with many other girls; and the nature of the question was such that it could not keep from prejudicing the mind of the jury against the defendant, and impressed upon their minds that such an incident had occurred, and there was no way to eliminate the idea that was left upon the minds of the jury by the asking of such question, and therefore was so prejudicial that it deprived him of that character and kind of trial that is guaranteed to the defendant under the Constitution and laws of the State of Texas." It is also shown that the district attorney asked the witness Boston the following question: "Had you known that for a

period of two years during the time that he was married he was trying to have intercourse with other girls would you still say his reputation was good?" Again, it is shown in bill of exception No. 2 that the district attorney, in cross-examining appellant, propounded this question: "And you have been trying to get it from other girls too, haven't you?" It appears that appellant's objections to the questions were sustained, but nevertheless he excepted to the action of the district attorney in propounding such questions upon the ground that they carried the implication that appellant was guilty of the conduct inquired about, and were calculated to impress the jury with the view that he had been guilty of specific acts of misconduct in transactions not connected with the charge for which he was on trial. Appellant contends that the imputation in the questions rendered them of such nature as to be obviously hurtful and prejudicial and that therefore the action of the court in sustaining the objections did not cure the error. Again, it is urged that the record discloses that the district attorney persisted in asking such improper questions after the court had ruled that it was not proper to inquire into specific acts of misconduct on the part of appellant.

The opinion is expressed that appellant's contentions should be sustained. It is apparent from the record that the district attorney persisted in asking improper questions notwithstanding the court had sustained appellant's objections to an inquiry substantially the same as that embraced in the questions set forth in the bills of exception. The fact that appellant placed in issue his general reputation as a peaceable and law-abiding citizen did not authorize the state to prove particular acts or particular misconduct on the part of the appellant. Adaire v. State, 45 S. W. (2d) 984; Branch's Ann. P. C., sec. 148. Again, it is not permissible on cross-examination of a witness to the good character of the accused to show by the witness what he knows individually about specific or particular acts of misconduct on the part of the accused. While it is permissible to cross-examine a witness who testifies in chief to a person's general reputation, as to any reports or rumors that may have reached his ears of specific acts or particular rumors of conduct inconsistent with the reputation attributed, it is not permissible to inquire about specific acts of conduct known to the witness. The truth or falsity of the reports, charges or rumors referred to cannot be established. Stated in another way, it is the rule that a witness to the good character of the accused may be asked, upon cross-examination, whether he had heard rumors or particular charges of acts of the accused incon-

sistent with the character the witness is called to prove, not to establish the truth of such charges, but to test the sincerity of the witness and to enable the jury to weigh his evidence. Adaire v. State, supra. The questions set forth in the bills of exception were obviously improper and prejudicial, and might have caused the jury to refuse to suspend the sentence. Under the circumstances, we are constrained to hold that reversible error is presented.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.