ALBERT GANDY V. THE STATE.

No. 20990. Delivered May 22, 1940.
On Rehearing June 26, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*C. S. Farmer*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for assault to murder without malice aforethought and punishment assessed at one year in the penitentiary.

This is the second appeal. The opinion on the first appeal will be found reported in (137 Texas Crim. Rep., 412) 129 S. W. (2d) 661.

The only questions presented are the contention that the evidence does not support the verdict and claimed errors in the trial court's instructions to the jury.

The purported statement of facts on file here is endorsed as the original statement of facts. It is certified by the Court Reporter, but it is signed only by counsel for appellant and is not approved by the trial judge. Without his approval the statement of facts may not be considered. See authorities cited in Note 24 under Art. 760, Vernon's Ann. Tex. C. C. P.; Branch's Ann. Tex. P. C., Sec. 596; 4 Tex. Jur. p. 419, Sec. 287.

It is apparent that without a statement of facts this court can neither review the sufficiency of the evidence, nor appraise the criticism of the trial court's instructions to the jury.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

This cause has been heretofore affirmed, and no consideration was given to the statement of facts because the same was not signed and approved by the district judge who tried the case. It has been made to appear that the signing of such statement was but an oversight upon the part of the district judge, but that the same had received his approval at the proper time. The former judgment of affirmance will now be set aside and the case considered upon its merits.

This case comes before us without any bills of exceptions, but with numerous objections and exceptions to the court's charge, consisting of seventy paragraphs, occupying twenty-seven pages of the transcript; many of which objections, howver, were waived by appellant's attorney in his brief.

We have carefully gone over these objections to such charge, as well as having read the court's charge and attempted to analyze such objections in conjunction therewith. We note that the trial court changed his charge in some possibly objectionable features and finally delivered a very comprehensive charge on every conceivable phase of the law that was called for by the facts.

Appellant's defense consisted of self-defense and defense of his brother W. W. (Bill) Gandy.

Appellant objects to the court's charge on the law of principals, yet it is shown by the facts that while Bill Gandy was fighting with the injured party Harris, Bill Gandy called to his brother, the appellant, to "cut him," and "let's kill him while we have got him," and the facts further show, from the State's standpoint, that while Bill Gandy was fighting in front of Harris, Albert Gandy, the appellant, cut Harris in the back; that when Harris would turn to fight Albert, Bill would attack him. That the cuts on Harris were serious is shown and not denied. Practically these identical facts have been reviewed by us twice previously. They have been before us in a former appeal of this case, reported in (137 Tex. Crim. Rep. 412) 129 S. W. (2d) 661, and again in W. W. Bill Gandy in 139 Texas Crim. Rep. 343, 140 S. W. (2d) 183. At neither of the previous trials did the insufficiency of the facts make any impression upon us, nor do we deem them insufficient now. Unquestionably appellant and his brother approached the complaining witness for the purpose of provoking a difficulty with the witness, and were successful in their purpose. The appellant admits that he cut Harris three times with his knife, and the doctor said these wounds were serious and dangerous ones. Appellant pleaded self-defense and defense of his brother and this issue was fully and fairly submitted to the jury who found against such plea, and found him guilty of assault to murder without malice. We do not think it lies within our province to disturb this verdict upon these thrice reviewed facts.

Finding no error in the record, the judgment is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In view of appellant's motion for rehearing we have again examined the court's charge. When taken in its entirety it does

not appear subject to the exceptions against it to the extent of demanding a reversal.

The motion for rehearing is overruled.