## PAUL SCHROEDER V. THE STATE.

No. 21621. Delivered May 28, 1941.
On Motion to Reinstate Appeal June 27, 1941.
Rehearing Denied October 15, 1941.

444

The opinion states the case.

Sam B. Spence, of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for burglary. The penalty assessed is confinement in the State penitentiary for a term of three years.

We note that the transcript contains a copy from the notation on the trial court's docket, from which it appears that appellant entered into a recognizance, but this is not in the form prescribed by statute and is insufficient to confer jurisdiction upon this court. Hence, the appeal must be dismissed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

The record having been perfected by the filing of a proper recognizance, the appeal will be reinstated and the case will be disposed of on the record as it now appears before us.

We note, however, that the purported statement of facts accompanying the record is not signed by the attorneys for the State and the defendant. Neither has it been approved by the trial judge. Without the approval of the trial court, we cannot consider the statement of facts. See cases cited under Note 24, Art. 760, Vernon's Ann. Tex. C. C. P., Vol. 3; Branch's Ann. Tex. P. C., sec. 596; 4 Tex. Jur., p. 419, sec. 287; also Gandy v. State, 143 S. W. (2d) 392.

In the absence of the statement of facts, we are unable to appraise the matters presented by the bills of exception found in the transcript. Hence there is nothing before us for review.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, in connection with his motion for rehearing, presents the certificates of the trial judge and State's counsel, certifying to facts which are deemed sufficient to authorize consideration by this court of the statement of facts.

The case will be disposed of upon its merits.

Upon his plea of guilty, appellant was convicted of the offense of burglary and his punishment assessed at three years in the penitentiary.

The facts show that appellant was apprehended and arrested, while in the burglarized premises, by the police officers.

The appellant did not testify as a witness in his own behalf. He filed an application for a suspension of sentence and supported same by proof of his not having been convicted of a felony.

The issue for the jury was that of a suspension of sentence.

A number of witnesses testified to the good reputation of the appellant for being a peaceable and law-abiding citizen. Upon cross-examination, these character witnesses were interrogated as to whether they had heard of prior instances of misconduct on the part of appellant. To these questions appellant objected and brings forward bills of exception complaining thereof; and, inasmuch as they all relate to the same question, they will be treated and disposed of together. It is the rule of long standing that a witness attesting the good reputation of the accused for being a peaceable and law-abiding citizen may be asked, upon cross-examination, as to whether he had heard of prior specific acts of misconduct on the part of the accused. Such cross-examination is admissible to test the soundness of the opinion expressed by the witness, his sincerity and credibility, and whether such opinion is well founded. Branch's P. C., Sec. 184; Williamson v. State, 167 S. W. 360, 74 Tex. Cr. R. 289; Adaire v. State, 45 S. W. (2d) 984, 119 Tex. Cr. R. 381; Cardwell v. State, 71 S. W. (2d) 880, 126 Tex. Cr. R. 420; Stout v. State, 82 S. W. (2d) 676, 128 Tex. Cr. R. 535; Peyson v. State, 124 S. W. (2d) 137, 136 Tex. Cr. R. 127; McClure v. State, 124 S. W. (2d) 1007, 136 Tex. Cr.

R. 312; McNaulty v. State, 135 S. W. (2d) 987, 138 Tex. Cr. R. 317; Kimbrell v. State, 27 S. W. (2d) 213, 115 Tex. Cr. R. 593. An exception to the general rule stated is that such cross-examination may not extend to proof of particular acts of misconduct on the part of the accused; nor is proof of knowledge on the part of the witness of specific acts of misconduct by the accused admissible. Adaire v. State, 45 S. W. (2d) 984, 119 Tex. Cr. R. 381; Prater v. State, 284 S. W. 965, 104 Tex. Cr. R. 669; Edwards v. State, 77 S. W. (2d) 241, 127 Tex. Cr. R. 386.

The questions here complained of did not come within any of the exceptions. Such questions were restricted to whether the witness had heard of the alleged acts of misconduct, and, in each instance, the witness replied in the negative. At no time did the State offer or attempt to prove the particular acts inquired of, or knowledge of such fact by, the witness.

The conclusion is reached that the cross-examination was authorized under the general rule stated and was proper.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.